# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **E3 BIOFUELS, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **8:11CV44** |
| | ) | |
| **V.** | ) | |
| | ) | |
| **BIOTHANE CORPORATION,** | ) | **ORDER** |
| **DILLING MECHANICAL** | ) | |
| **CONTRACTORS, INC., and** | ) | |
| **PERENNIAL ENERGY, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

This matter is before the court on Plaintiff's objection (filing 42) to Defendant Perennial Energy, Inc.'s ("Perennial") notice to inspect (filing 41). Due to the timeliness of the issue, the court will not allow Perennial response time prior to ruling on the objection.

This case involves allegations that Defendants failed to provide a functional boiler system in the ethanol plant located in Mead, Nebraska. On or about February 9, 2007, an explosion occurred in one of the plant's boilers, known as "B-602", causing damage to the plant's boiler room.

On June 6, 2011, Perennial notified the parties that its counsel would inspect B-602 and boiler B-601 ("B-601")[1] on June 15th and 16th, 2011 (filing 42). The notice also advised that counsel would inspect the entire ethanol plant. Plaintiff does not object to the inspection of B-602. Plaintiff also does not object to Perennial visually inspecting and photographing B-601, along with the boiler room where the boilers are located. Plaintiff does, however, object to the inspection of the entire plant, arguing that the inspection notice is overly broad, unduly burdensome and duplicative. The court agrees with Plaintiff.

---

[1] B-601 stands side-by-side with B-602 in the boiler room

The physical damage caused by the explosion was limited to the plant's boiler room and this damage was repaired several years ago. Moreover, Perennial worked with the boiler system both before and after the explosion. As a result, it should already have knowledge of the layout of the plant and its condition both before and after the explosion. Additionally, because Plaintiff went into bankruptcy at some point following the explosion, the plant sat idle for over several years. Thus, it seems to the court that the current appearance of the plant is not an accurate depiction of its condition after the explosion.

Accordingly,

**IT IS ORDERED:**

1.   Plaintiff's objection (filing 42) to Defendant Perennial Energy, Inc.'s notice of inspection is sustained;

2.   The inspection scheduled for June 15th and 16th, 2011, is limited as follows:

   a.   Perennial may inspect and photograph B-602, including a visual inspection of its control panel.

   b.   Perennial may visually inspect and photograph the plant's boiler room. However, other than B-602, Perennial may not open, modify or change any component of the boiler room.

   c.   Perennial may visually inspect and photograph B-601. Perennial may not, however, open, modify or change B-601 in any fashion.

**DATED June 14, 2011.**

                         **BY THE COURT:**

                         **S/ F.A. Gossett**
                         **United States Magistrate Judge**

2