IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| E3 BIOFUELS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | 8:11CV44 |
| | ) | |
| V. | ) | |
| | ) | |
| BIOTHANE, LLC, successor in interest | ) | MEMORANDUM AND ORDER |
| and liability to, DILLING | ) | |
| MECHANICAL CONTRACTORS, | ) | |
| INC., and PERENNIAL ENERGY, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

On June 13, 2011, Plaintiff filed an objection (filing 42) to Defendant Perennial Energy, Inc.'s ("Perennial") notice to inspect the entire ethanol plant that is the subject of this lawsuit. Plaintiff argued that the scope of the request was overly broad, as an inspection of the entire plant was unnecessary for purposes of this suit and, additionally, that an inspection of the entire plant would be unduly disruptive to the current owner of the plant, ALTEn, LLC ("ALTEn"), which is not a party to the action. The court, agreeing with Plaintiff's contention that the scope of the request was overly broad, limited the inspection to a couple of the plant's boilers and the plant's boiler room (filing 43).

In response to the court's order, Perennial filed a motion requesting that the court reconsider its order limiting the scope of the plant inspection (filing 44). In conjunction with its motion to reconsider, Perennial also requested that the court enter a preliminary injunction "prohibiting Plaintiff and its affiliate/subsidiary, ALTEn LLC from altering or removing evidence from the plant and, more specifically, from altering or removing the boilers, the boiler controls, the fuel system for the boilers, the water system for the boilers, and the steam system for which the boilers supplied steam." (Filing 45 at CM/ECF p. 7.)

In an effort to sort-out this dispute, the court held a conference call with the parties, at which time Plaintiff's counsel indicated that he may be able to make arrangements with ALTEn

for Perennial to inspect the plant. Accordingly, following the conference, the court ordered the parties to meet and confer in an effort to coordinate an inspection of the ethanol plant and try to reach an agreement with respect to the scope of the inspection.

Seemingly, in an effort to resolve the issues identified in Perennial's request for a preliminary injunction, the parties also began engaging in informal discovery following the conference. Although some documents have been, or are about to be, exchanged, the parties have developed differences with respect to the scope of the informal discovery. Perennial has requested that Plaintiff produce a voluminous amount of materials in advance of any plant inspection, including various types of documents related to the ethanol plant's natural gas system, steam distribution system, steam return system, reverse osmosis system, boiler exhaust system, and air compressor system, as well as government and regulatory inspection documents for these systems. Perennial also wants documents relating to the plant's boiler building, including air treatment and ventilation systems, the control system for the boiler, the plant's operating computers, and information regarding "moth balling" or the decommission/shut-down of the boilers and plant systems.

The court hoped that the parties would be able to resolve their disputes with respect to the plant inspection and informal discovery themselves. Unfortunately, the parties have been unable to do so and, quite frankly, it appears that little progress has been made. As a result, the court will now proceed to rule on the pending motions.

Perennial's motion for reconsideration of the court's order limiting the inspection of the ethanol plant will be denied as moot. The inspection that is the subject of the motion for reconsideration occurred on June 15th and 16th, 2011, and was conducted as limited by the court. Therefore, it is unnecessary for the court to reconsider its June 14, 2011 order. ALTEn has, however, agreed to allow Perennial to conduct a "non-destructive" inspection of the entire plant. To date, Perennial has not done so. If Perennial desires a further inspection of the plant, it shall make such arrangements with ALTEn. The breadth of the inspection, including any inspection of Boiler 601, will be decided by ALTEn. Any such inspection must occur on or before August 5, 2011.

Perennial's request for a preliminary injunction will also be denied. The court will not issue an injunction regarding discovery matters or engage in deciding what essentially amount to motions to compel, particularly when a Rule 26(f) Planning Report has not been submitted and formal discovery has not even started. As litigants, the parties have an obligation to preserve all relevant documents and evidence. This duty of preservation is sufficient to guide the parties' behavior with respect to evidence in this case. Therefore, a preliminary injunction on discovery matters is not necessary. The parties retain sufficient avenues for relief, including a motion for an adverse inference for alleged spoliation of evidence or other discovery sanctions, should they believe that relevant materials have been destroyed. The court will not order Plaintiff to produce what could be thousands of documents before the scope of the lawsuit is even defined simply to assist Perennial with its proposed plant inspection. This is not to say, however, that the production of these documents will not be compelled, if absolutely necessary and appropriate, at a later date upon proper motion.

In the future, the court strongly encourages the parties, if at all possible, to resolve discovery disputes such as these themselves. Submitting a flurry of briefs, as well as detailed correspondence that is shared with the court (which, in reality, just amounts to additional briefing on the same issues) is often unnecessary and a waste of the court's, as well as client's, resources. Cooperation, rather than motions, often results in a better outcome for all involved.

**IT IS ORDERED:**

1. Perennial's Motion to Reconsider Filing No. 43, Response to Objection and Motion for a Preliminary injunction ([filing 44](filing 44)) is denied.

2. Should Perennial desire to inspect the ethanol plant that is the subject of this litigation, it shall do so on or before August 5, 2011. The scope of the inspection will be defined by ALTEn.

3. As previously ordered, the parties shall submit their Rule 26(f) Planning Report on or before August 11, 2011.

**DATED July 27, 2011.**

        **BY THE COURT:**

        S/ F.A. Gossett
        **United States Magistrate Judge**