IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| E3 BIOFUELS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | 8:11CV44 |
| | ) | |
| V. | ) | |
| | ) | |
| BIOTHANE, LLC, successor in interest and liability to, and PERENNIAL ENERGY, INC., | ) ) ) | ORDER |
| | ) | |
| Defendants. | ) ) | |

Presently pending before the Court are Plaintiff's Motion to Compel Return of Privileged Documents (filing 98) and Defendant Perennial Energy, Inc.'s ("Perennial") Motion to Declare that Plaintiff's Alleged Privileges are Waived or, in the alternative, to Compel Plaintiff to Produce Privilege Log (filing 108). For the reasons explained below, Plaintiff's motion will be granted and Perennial's motion will be denied.

## BACKGROUND

On or about September 26, 2011, in response to a discovery request, Plaintiff mailed a computer disc to the defendants in this case. On September 27, 2011, before the defendants received the disc, Plaintiff's counsel discovered that, due to a technical error, hundreds of documents purportedly protected by the attorney-client privilege and attorney work product doctrine were mistakenly included on the disc. Plaintiff's counsel immediately notified Perennial's counsel of the error and requested the return of the unopened envelope. Perennial's counsel refused. As a result, Plaintiff filed a motion to compel Perennial to return the disc. Subsequently, Perennial filed a motion requesting that the Court declare that the privileges Plaintiff asserted in connection with the disc were waived or, in the alternative, to compel Plaintiff to produce a privilege log (filing 108).

## ANALYSIS

Perennial objects to the return of the disc claiming that it has the right to sequester the documents until such time as Plaintiff demonstrates that the documents contained on the disc are, in fact, privileged. Perennial also suggests that Plaintiff waived any privileges through its production of the disc and its failure to produce a privilege log. The Court rejects each of these arguments.

Plaintiff's counsel notified each of the defendants' counsel immediately upon learning of the mistake - even before the defendants actually received the disc. Defendant Biothane promptly returned the disc. When Perennial's counsel refused to return the disc, despite Plaintiff's counsel's offer to pay shipping charges, Plaintiff filed a motion requesting that the Court compel Perennial to return the disc. Moreover, in an effort not to delay discovery, Plaintiff provided Perennial with a replacement disc which removed the purportedly privileged documents.

The Court recognizes Plaintiff's initial failure to produce a privilege log. However, given the voluminous amount of documents involved, and that the attorney from Plaintiff's counsel's firm who was working on the privilege log suddenly resigned, the Court finds that Plaintiff's delay was understandable. And, in any event, a privilege log has now been provided to Perennial. If Perennial takes issue with any of the claimed privileged documents outlined on the privilege log, it may file a proper motion to compel. There is no need for Perennial to keep the disc. Should the Court determine, upon reviewing any motion to compel filed by Perennial, that an *in camera* inspection of any listed document is necessary, it will order Plaintiff to produce that particular document at that time.

**IT IS ORDERED:**

1. Plaintiff's Motion to Compel Return of Privileged Documents ([filing 98](filing 98)) is granted. Perennial shall return the unopened package containing the disc no later than December 16, 2011.

2.      Perennial's Motion to Declare that Plaintiff's Alleged Privileges are Waived or, in the alternative, to Compel Plaintiff to Produce Privilege Log (filing 108) is denied.

**DATED: December 9, 2011.**

                                      **BY THE COURT:**

                                      **S/ F.A. Gossett**
                                      **United States Magistrate Judge**