IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| E3 BIOFUELS, LLC, | ) | CASE NO. 8:11CV44 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| BIOTHANE, LLC, and | ) | |
| PERENNIAL ENERGY, INC., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Statement of Objection (Filing No. 115) to the Order entered by Magistrate Judge F.A. Gossett (Filing No. 114) filed by the Defendant, Perennial Energy, Inc. ("Perennial"). The Court has considered the parties' briefs (Filing Nos. 120, 121).

Under 28 U.S.C. § 636(b)(1)(A), the court has reviewed the order from which this appeal has been taken. In an appeal from a magistrate judge's order on a pretrial matter contemplated by 28 U.S.C. § 636(b)(1)(A), a district court may set aside any part of the magistrate judge's order shown to be clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A).

### FACTUAL BACKGROUND

The pertinent facts were stated by Judge Gossett:

> On or about September 26, 2011, in response to a discovery request, Plaintiff mailed a computer disc to the defendants in this case. On September 27, 2011, before the defendants received the disc, Plaintiff's counsel discovered that, due to a technical error, hundreds of documents purportedly protected by the attorney-client privilege and attorney work product doctrine were mistakenly included on the disc. Plaintiff's counsel immediately notified Perennial's counsel of the error and requested the return of the unopened envelope. Perennial's counsel refused. As a result, Plaintiff filed a motion to compel Perennial to return the disc. Subsequently, Perennial filed a motion requesting that the Court declare that the privileges

>   Plaintiff asserted in connection with the disc were waived or, in the alternative, to compel Plaintiff to produce a privilege log.

(Filing No. 114, at 1 (citation omitted).)

A privilege log was provided, albeit later than promised. As Judge Gossett noted, the amount of the discovery in this case is voluminous and the attorney working on the privilege log abruptly resigned from his firm. (*Id.*, at 2.)

An identical disc was also sent to the Defendant, Biothane, LLC ("Biothane"), which returned the disc once it was informed of the error. Perennial refused to return the disc, "sequestering" it and claiming that the Plaintiff, E3 Biofuels, LLC ("E3"), waived any privilege by inadvertently disclosing the information in question and failing to produce a privilege log.

Judge Gossett rejected Perennial's arguments, noting: Biothane immediately returned the disc upon being informed of the error; E3 immediately supplied Perennial with a replacement disc and therefore did not delay the discovery process; E3's delay in producing the privilege log was understandable under the circumstances; and Perennial may file a motion to compel regarding documents reflected in the privilege log. Judge Gossett: granted E3's motion to compel, ordering Perennial to return the unopened package containing the disc; and denied Perennial's motion to declare E3's privileges waived and to compel E3 to produce a privilege log, noting that the log was provided.

## DISCUSSION

Perennial objects to Judge Gossett's order, arguing that Judge Gossett erred in ordering Perennial to return the disc. Perennial argues it would properly "maintain the integrity" of the disc while it cannot be sure that E3 would do so. Perennial argues that

Federal Rule of Civil Procedure 26(b)(5)(B) allows it the right to "sequester" the disc until E3's claims of privilege are resolved. The rule provides:

> If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly *return, sequester, or destroy* the specified information and any copies . . . . The producing party must preserve the information until the claim is resolved.

Fed. R. Civ. P. 26(b)(5)(B) (emphasis added).

E3 responded that under the plain language of Rule 26(b)(5)(B), the rule does not apply because through its use of the past tense[1] the rule does not contemplate a situation such as the one in this case in which E3 gave Perennial notice of the inadvertently included privileged information two days before Perennial received the disc with the information. As support, E3 cites to *Am. Express v. Accu-Weather, Inc.,* 1996 WL 346388 (S.D.N.Y. June 25, 1996) as a factually similar case. In *Am. Express,* notice of the inadvertent disclosure of privileged documents was received before the document arrived. The court stated that disclosure had not occurred when notice of the error was received, and therefore no waiver of the privilege occurred. The court found an ethical violation and sanctioned the attorneys who disregarded the notice and opened the document. *Id*. at *3.

The Court agrees that technically Rule 26(b)(5)(B) may not apply. Direct authority does not appear to exist with respect to this question; however, *Am. Express* lends support to the nonapplication of the rule. Nevertheless, whether or not the rule applies to the unique situation presented in this case, it serves as useful guidance where little, if any, other authority exists. Under the language of the rule, Perennial could "return, sequester,

---

[1]E3 points to the words "produced" and received."

3

or destroy" the disc. And, as E3 argued, assuming Rule 26(b)(3)(B) applies, the last sentence of the rule states that the producing party must preserve the information in question until the matter is resolved. The commentary to Rule 26(b)(5)(B) states that the options of sequestering or destroying the material were included "in part because the receiving party may have incorporated the information in protected trial-preparation materials," which did not occur in this case. Fed. R. Civ. P. 26 (2006 commentary).

In determining whether inadvertent disclosure results in a waiver of privilege, courts have focused on four factors: the reasonableness of the efforts to avoid disclosure; the delay in rectifying the error; the scope of discovery, as it related to the burden of preparing the discovery material; and the extent of the disclosure. 8 CHARLES A. WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2016.3, at 366-374 (3d ed. 2010). Federal Rule of Evidence 502(b) arose out of the treatment in various courts of this four-factor test. *Id.* at 379. Rule 502(b) provides that disclosure does not amount to a waiver if: "(1) the disclosure is inadvertent; (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B)."

In this case, the disclosure was inadvertent, and E3 took reasonable and timely steps to prevent disclosure and to rectify the error. Among the steps taken to rectify the error, E3 supplied a new disc and requested the return of the disc with the inadvertently included material, which E3 facilitated through the provision of return postage. Returning the disc to E3 is the most logical solution under the circumstances and allows E3 to preserve the disc. The Court is not persuaded by Perennial's argument that E3 cannot be

trusted to preserve its own disc and that Perennial is the more appropriate party to do so. Judge Gossett's order directing Perennial to return the disc satisfies the language of Rule 26(b)(5)(B), the most applicable authority relating to the issue.

## CONCLUSION

After reviewing the record and the parties' briefs, for the reasons discussed above, the Court finds that the Magistrate Judge's order is not clearly erroneous nor contrary to law.

IT IS ORDERED:

1. The Statement of Objection (Filing No. 115) filed by the Defendant, Perennial Energy, Inc., is denied; and

2. The Order entered by Magistrate Judge F.A. Gossett (Filing No. 114) is affirmed.

DATED this 22nd day of December, 2011.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

5