IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| E3 BIOFUELS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | 8:11CV44 |
| | ) | |
| V. | ) | |
| | ) | |
| BIOTHANE, LLC, successor in interest and liability to, and PERENNIAL ENERGY, INC., | ) ) ) | ORDER |
| | ) | |
| Defendants. | ) ) | |

   This matter is before the Court on Biothane, LLC's ("Biothane") and Perennial Energy, Inc.'s ("PEI") (collectively referred to herein as "Defendants") Motion to Consolidate ([filing 131](#)).[1] Defendants request that this suit (hereinafter the "Biothane action") be consolidated with *E3 Biofuels-Mead, LLC v. Skinner Tank Company*, Case No. 8:06CV706 (D. Neb. 2006) (hereinafter the "Skinner action").[2] Plaintiff E3 Biofuels ("E3") opposes the motion.[3] For the reasons set forth below, Defendants' motion will be denied.

### BACKGROUND

   Both the Skinner action and the Biothane action arise out of the construction of an Ethanol Plant (the "Plant") in Mead, Nebraska. In the Skinner action, E3 alleges that Skinner

---

[1] Skinner Tank Company, the defendant in the Skinner action, has joined in this Motion to Consolidate and has also filed a motion to consolidate in the Skinner suit, to which Biothane and PEI have joined.

[2] Defendants also moved to consolidate this action with *E3 Biofuels, LLC v. Dilling Mechanical Contractors, Inc.*, Case No. 8:11CV43 (D. Neb. 2011). However, subsequent to the filing of the Motion to Consolidate, that action was settled.

[3] Dilling Mechanical Contractors, Inc., Third-Party Defendant in the Skinner action, also opposes this Motion to Consolidate.

Tank breached its contract to design and assemble tanks and supporting structures for the Plant and that Skinner Tank was negligent in the construction of the tanks. In the Biothane action, E3 contends that Biothane breached its contract to provide a functional boiler system for the Plant and that Biothane and PEI were negligent in the start-up and integration of the boiler system. In each suit, E3 claims that the alleged contractual breaches and negligence delayed construction of the Plant and resulted in additional construction expenses and loss of operating revenue.

The Skinner action was filed on November 13, 2006, and is assigned to District Court Judge Joseph Bataillon for disposition. By order dated December 3, 2007 (filing 57), the Skinner action was transferred to bankruptcy Court upon E3's Suggestion of Bankruptcy (filing 56). On May 29, 2012, following a transfer from Kansas Bankruptcy Court back to this Court, this case was reinstated (filing 59). At that time, Judge Bataillon requested that the undersigned hold a status conference with the parties as soon as possible and, if appropriate, place the case on an expedited progression schedule. (*Id*.)

The Biothane action was filed on February 8, 2011, and is assigned to Chief District Court Judge Laurie Smith Camp. Discovery has commenced, however, a final progression order has not been entered.

## ANALYSIS

Federal Rule of Civil Procedure 42(a) allows for consolidation of cases involving common issues of law or fact as a matter of convenience and economy in judicial administration. Fed. R. Civ. P. 42(a). "The district court is given broad discretion to decide whether consolidation would be desirable and the decision inevitably is contextual." *Cisler v. Paul A. Willsie Co.*, Case No. 8:09CV365, 2010 WL 3237222, *2 (D. Neb. Aug. 13, 2010). The consent of the parties is not required for consolidation. *Id*. Whether to grant a motion to consolidate is within the sound discretion of the court. *Id*. When ruling on a motion to consolidate, "[t]he court must weigh the saving of time and effort that would result from consolidation against any inconvenience, expense, or delay that it might cause. *Id*. Lawsuits involving the same parties are "apt candidates for consolidation." *Id*. (quotation

and citation omitted). However, consolidation is inappropriate "if it leads to inefficiency, inconvenience, or unfair prejudice to a party." *EEOC v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998).

Having reviewed the matter, the undersigned finds that consolidation of the actions is inappropriate. While there may be some common issues of fact and law in the cases, the defendants in each of the actions are different. Plaintiff E3 is the only party currently involved in each of the suits. Also, the Skinner action was filed in 2006, far in advance of the Biothane case. In fact, the boiler explosion giving rise to the Biothane suit did not occur until after the Skinner action had been filed. Given the age of the Skinner action, it is probable that the case will be placed on an expedited progression schedule. Consolidating the suits would likely lead to further delays in the Skinner action.

Accordingly,

**IT IS ORDERED** that the Motion to Consolidate (filing 131) is denied.

**DATED July 23, 2012.**

                                **BY THE COURT:**

                                **S/ F.A. Gossett**
                                **United States Magistrate Judge**