IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| E$^3$ BIOFUELS, LLC, | ) | CASE NO. 8:11CV44 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **PROGRESSION ORDER** |
| BIOTHANE CORPORATION, DILLING MECHANICAL CONTRACTORS, INC., and PERENNIAL ENERGY, INC., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

This case is before the court on the Stipulated Motion to Extend Deadlines (#152). The motion will be granted as follows:

**IT IS ORDERED:**

1. **Mediation.** By **April 1, 2013** Counsel for each Party shall notify the undersigned Magistrate Judge as to the settlement efforts that have been undertaken and the prospects of mediating this case. All other requirements set forth in Paragraph 2 of the Court's prior Scheduling Order (Filing No. 84) are incorporated herein.

2. **Adding Parties; Amending Pleadings.** Any motion to amend pleadings and/or add parties shall be filed **not later than June 1, 2013**.

3. **Discovery Deadlines.**

    a. Written Discovery Requests will be served by **March 30, 2013** and responses will be served by **April 30, 2013**.

    b. Depositions of factual witnesses will be completed by **June 1, 2013.**

    c. Depositions of expert witnesses will be completed by **November 15, 2013**.

    d. **Discovery Motions.** Discovery motions shall be filed not later than **May 15, 2013** as to matters which are then ripe for decision; discovery matters arising after that date may be the subject of motions until the applicable deposition deadline. Counsel are reminded of the provisions of NECivR 7.0.1(i).

4. **Expert Witnesses.**

   a. No later than **July 30, 2013,** Plaintiff shall serve opposing parties with the statement required by Fed. R. Civ. P. 26(a)(2).

   b. No later than **September 15, 2013**, Defendants shall serve opposing parties with the statement required by Fed. R. Civ. P. 26(a)(2).

   c. If necessary to refute the disclosed opinions of an expert witness of an opponent, Plaintiff may disclose additional expert witnesses not later than **October 15, 2013,** provided that Plaintiff provides all of the information described in Fed. R. Civ. P. 26(a)(2) at that time.

5. **Motions in Limine.** Motions to exclude expert testimony on *Daubert* and related grounds will be filed by **November 30, 2013**. All other motions in limine shall be filed on or before **February 1, 2014.**

6. **Dispositive Motions:**

   a. **Motions to Dismiss for Lack of Jurisdiction.** Motions to dismiss for lack of jurisdiction will be filed by **June 30, 2013**.

   b. **Motions of Summary Judgment.** Motions for summary judgment shall be filed not later than **December 3, 2013**. *See* NECiv R 56.1 and 7.0.1.

7. **Pretrial Disclosures.** Pursuant to Fed. R. Civ. P. 26(a)(3), each party shall serve opposing counsel and file a redacted version as applicable with the following information regarding the evidence it may present at trial other than solely for impeachment purposes as soon as practicable but not later than the date specified:

   a. **Nonexpert Witnesses – On or before January 15, 2014:** The name address and telephone number[1] of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises.

   b. **Deposition Testimony and Discovery –** The designation of discovery testimony and discovery responses intended to be utilized at trial is not required for this case. Motions to require such designations may be filed not later than fifteen (15) days prior to the applicable deposition deadline.

   c. **Trial Exhibits – On or before January 15, 2014:** A list of all exhibits it expects to offer by providing a numbered listing and permitting

---

[1] In accordance with the E-Government Act, counsel shall, on witness lists, exhibits, and other disclosures and/or *documents filed with the court*, redact Social Security numbers, home addresses, telephone numbers, and other personally identifying information of witnesses, but shall serve an unredacted version on opposing parties. See NECivR 5.0.3.

2

      examination of such exhibits, designating on the list those exhibits it may offer only if the need arises.

    **d. Waiver of Objections.**  Any and all objections to the use of the witnesses, deposition testimony, discovery responses, or exhibits disclosed pursuant to the above subparagraphs, including any objection pursuant to Fed. R. Civ. P. 32(a) that a deponent is available to testify at the trial, shall be made a part of the pretrial order.  Failure to list objections (except those under Fed. R. Evid. 402 and 403) is a waiver of such objections, unless excused by the court for good cause shown.

8. The **Final Pre-trial Conference** with the undersigned magistrate judge is set for **January 27, 2014 at 10:00 a.m.,** in chambers, 111 South 18th Plaza, Suite 2210, Roman L. Hruska United States Courthouse, Omaha, Nebraska.  The final pretrial conference shall be attended by lead counsel for represented parties.  Counsel shall complete prior to the pretrial conference, all items as directed in NECivR 16.2.[2]  By the time of the pretrial conference, full preparation for trial shall have been made so that trial may begin immediately thereafter.  The pre-trial conference will include a discussion of settlement, and counsel shall be prepared through investigation, discovery and communications with clients and insurers, if any, to discuss fully the subject of settlement, including realistic expectations about liability, obstacles to agreement, offers made, and offers which can be made at the conference.  Counsel shall be prepared to make additional offers or proposals for settlement on behalf of their clients at the pretrial conference, and counsel shall be prepared to make or opine on recommendations for further negotiations and conferences.

9. **Mediation and Settlement:**

    a. If the parties intend to mediate their dispute, **notice of the mediation** shall be given to the staff of the magistrate judge's office.  The filing of a mediation reference order will terminate pending motions, without prejudice to refilling.  If the mediation is not successful, the moving party may reinstate such a motion by filing a written notice to that effect, and the other parties may respond in accordance with the local rules, regarding the date of the notice as reinstating the response/reply time that remained as of the date the mediation reference order was filed.

    b. Not later than two weeks prior to trial, plaintiff or plaintiff's counsel shall serve on defendant or defendant's counsel a written, updated settlement proposal.  Defendant or defendant's counsel shall respond in writing to such proposal not later than one week before trial.

    c. **Notice of settlement** shall be given to the trial judge's office as soon as practicable but in any event in time to avoid summoning a jury.  If a case

---

[2] All personal information should be redacted from the public version of the order and/or attachments filed with the Clerk.  See NECivR 5.0.3.

3

      settles and notice of settlement is not given in sufficient time to avoid summoning a jury, assessment of jury costs may – and normally will- be made against a party and/or counsel for one or more of the parties. For purposes of this paragraph, a jury is considered summoned for trial at noon the business day prior to the designated date of trial.

10. **A jury trial** is set to commence on **March 4, 2014,** in Omaha Nebraska, before the Honorable Laurie Smith Camp, Chief United States District Judge. Unless otherwise ordered, jury selection shall be at the commencement of trial. Trial is expected to last 10-15 days.

11. **Motions to Alter Dates.** All requests for changes of deadlines or settings established herein shall be directed to the magistrate judge by appropriate motion, including all requests for changes of trial dates. Such motions shall not be considered in the absence of a showing by counsel of due diligence in the timely development of this case for trial and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 29th day of October, 2012.

BY THE COURT:

s/ F.A. Gossett, III
United States Magistrate Judge

**PREPARED AND SUBMITTED BY:**

ENGLES, KETCHAM, OLSON & KEITH, P.C.
1350 Woodmen Tower
Omaha, Nebraska 68102
(402) 348-0900
Stephen G. Olson, II, #18949
Kristina (Pfiefer) Kamler, #24082

4