## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| E³ BIOFUELS, LLC, | CASE NO. 8:11CV44 |
| **Plaintiff,** | |
| vs. | **MEMORANDUM** |
| | **AND ORDER** |
| BIOTHANE, LLC, successor in interest and liability to Biothane Corporation, and PERENNIAL ENERGY, INC., | |
| **Defendants.** | |

This matter is before the Court on the Objection to Filing No. 156 ("Objection") (Filing No. 157), and the Statement of Objections to Filing Nos. 81 and 142 ("Statement") (Filing No. 144), filed by Defendants Biothane, LLC, successor in interest and liability to Biothane Corporation ("Biothane") and Perennial Energy, Inc. ("PEI").[1]

### DISCUSSION

In an appeal from a magistrate judge's order on a pretrial matter within 28 U.S.C. § 363(b)(1)(A), a district court may set aside any part of the order shown to be clearly erroneous or contrary to law.

### I. The Objection

On October 10, 2012, the parties submitted a joint motion to extend certain deadlines in this case. (Filing No. 152.) Prior to October 29, 2012, they were informed that the new deadlines set forth in the joint motion would not be used; they were provided with certain deadlines that would be used; and they were advised that they could "agree to any remaining deadlines and submit a joint proposed order on or before

---

[1] The Statement was also filed by Skinner Tank Company ("Skinner") a defendant in *E³ Biofuels-Mead, LLC v. Skinner Tank Company*, Case No. 8:06CV706 (D. Neb. 2006) (the "Skinner action"). The Skinner action is assigned to U.S. District Judge Bataillon. (Filing No. 83.)

**Thursday, October 25, 2012**," but that if they could not agree, "on the deadline dates,

they w[ould] be set by the court and an order issued."  (Filing No. 157-1, at CM/ECF p.

3.)

On October 25, 2012, the parties submitted a proposed order.  (Filing No. 157-1,

at CM/ECF p. 4-9.)  In the proposed order, Biothane and PEI objected to submitting the

proposed order, and to the deadlines that would be used in this case.  (*Id.* at 5.)  They

indicated that there were "giv[ing] notice of [their] preservation of th[at] . . . issue for

appeal."  (*Id.*)

On October 29, 2012, Magistrate Judge Gossett issued a progression order that

incorporated the deadlines to which Biothane and PEI had objected.  (Filing No. 156.)

Biothane and PEI state that they filed their Objection "out of an abundance of caution" to

continue to preserve for appeal its objection relating to the deadlines, and also request

that the Court amend the progression order to accommodate the deadlines requested in

the parties' joint motion.

Having reviewed the record, the Court will not amend the progression order to

reflect the deadlines requested in the parties' joint motion.  The Objection will be

overruled.

## II.  The Statement

Biothane and PEI had requested that the above captioned matter be

consolidated with the Skinner action.  (Filing No. 131.)  Skinner joined in Biothane and

PEI's request, and also filed a motion to consolidate with the Skinner action, to which

Biothane and PEI have joined.  On July 23, 2012, Judge Gossett issued an order in

both this action (Filing No. 142) and the Skinner action (Case No. 8:06CV706, Filing No.

81) denying the motions to consolidate.  Skinner, Biothane, and PEI filed the Statement in both actions, objecting to the order denying the motions to consolidate.[2]

Plaintiff $E^3$ Biofuels, LLC ("$E^3$"), initiated this action in 2011, alleging that the Defendants breached a contract to provide a functional boiler system for an Ethanol Plant (the "Plant") in Mead, Nebraska, and that they were negligent in the start-up and integration of the boiler system.  $E^3$ initiated the Skinner action in 2006, alleging that Skinner breached a contract to design and assemble tanks and supporting structures for the Plant and that Skinner was negligent in its construction of those tanks.

In denying the motions to consolidate, Judge Gossett applied Federal Rule of Civil Procedure 42(a).  Judge Gossett determined:

> While there may be some common issues of fact and law in the cases, the defendants in each of the actions are different.  Plaintiff E3 is the only party currently involved in each of the suits.  Also, the Skinner action was filed in 2006, far in advance of the Biothane case.  In fact, the boiler explosion giving rise to the Biothane suit did not occur until after the Skinner action had been filed.  Given the age of the Skinner action, it is probable that the case will be placed on an expedited progression schedule.  Consolidating the suits would likely lead to further delays in the Skinner action.

(Filing No. 142, at CM/ECF p. 3.)

Biothane and PEI object to Judge Gossett's order, arguing that (1) Judge Gossett mistakenly found $E^3$ is the only party currently involved in each suit, and (2) Judge Gossett's finding that consolidation with the Skinner action would lead to further delays is clearly erroneous.

Having carefully reviewed Biothane and PEI's objections and the parties' briefs, the Court concludes that the reasons Judge Gossett set forth when deciding that

---

[2] On July 16, 2012, Judge Bataillon overruled the Statement filed in the Skinner action.  (Case No. 8:06CV706, Filing No. 88.)

consolidation was inappropriate are sufficient to support his findings, and are neither clearly erroneous nor contrary to the law.  Therefore, Biothane and PEI's Statement will be overruled.

Accordingly,

IT IS ORDERED:

1.      The Objection to Filing No. 156 (Filing No. 157) is overruled;

2.      The Statement of Objections to Filing Nos. 81 and 142 (Filing No. 144) is overruled; and

3.      The Orders found at Filing Nos. 142 and 156 are affirmed.


Dated this 26th day of November, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge