IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| E3 BIOFUELS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | 8:11CV44 |
| | ) | |
| V. | ) | |
| | ) | |
| BIOTHANE, LLC, successor in interest and liability to, and PERENNIAL ENERGY, INC., | ) ) ) | ORDER |
| | ) | |
| Defendants. | ) ) | |

    This matter is before the Court on Defendant Perennial Energy, Inc.'s ("PEI") Motion to Compel and Motion for Sanctions (filing 163). For the reasons set forth below, PEI's motion will be granted, in part.

## BACKGROUND

    This case arises out of the construction of an Ethanol Plant in Mead, Nebraska. Generally, Plaintiff alleges that the start up of the Ethanol Plant was not substantially completed, and the Ethanol Plant never operated as intended, due to the failure of Defendants to fabricate and install a fully functional Boiler System. (Filing 60.) PEI denies Plaintiff's allegations and, in its Answer, affirmatively alleges that Plaintiff's damages were caused by Plaintiff's own negligence and/or acts or omissions of third parties. (Filing 71.)

    On February 23, 2012, PEI filed a motion to compel Plaintiff to provide more complete discovery responses. (Filing 123.) The undersigned entered an order on June 29, 2012, granting PEI's motion to compel, in part. (Filing 141.) Among other things, the order directed Plaintiff to produce post-bankruptcy discovery and supplement its responses so as to definitively state whether all responsive documents had, in fact, been produced. (*Id*.)

    On August 13, 2012, Plaintiff provided PEI with supplemental discovery responses.

(Filings 145 & 146.) PEI claims that Plaintiff's supplemental responses are deficient and that Plaintiff has violated the Court's June 29, 2012 order. PEI now seeks an order compelling Plaintiff to produce additional tax returns and sanctioning Plaintiff for alleged discovery abuse and noncompliance with the Court's discovery order.

## DISCUSSION

### 1. Motion to Compel Tax Returns

On December 7, 2012, Plaintiff voluntarily produced its tax returns for the years 2005 through 2010. PEI now requests that the Court compel Plaintiff to produce its tax returns for 2011 and 2012.

Under the federal rules, parties to a lawsuit may obtain discovery regarding any matter, not privileged, that is relevant to a claim or defense of any party. Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." *Moses v. Halstead*, 236 F.R.D. 667, 671 (D. Kan. 2006) (footnote omitted).

Plaintiff claims that the requested tax returns are irrelevant to the issue of damages because the returns post-date the bankruptcy and the sale of the Ethanol Plant. Plaintiff has stated that its damage claims do not post-date the bankruptcy sale of the Ethanol Plant. However, Plaintiff's supplemental answer to Interrogatory No. 26, which asks for an itemization of damages, consists of damage estimates and states that Plaintiff's damages are "ongoing." (Filing 165-1.) The supplemental answer also seems to indicate that Plaintiff is still receiving invoices for ongoing repairs to the facility. (*Id*.) Given this discovery response, the Court is unable to conclude that the 2011 and 2012 tax returns are irrelevant to this litigation. Accordingly, they must be produced.

**2. Motion for Sanctions**

PEI argues that Plaintiff and its counsel should be sanctioned because they (1) unreasonably and improperly certified their discovery responses in violation of Fed. R. Civ. P. 26(g), (2) failed to comply with the Court's June 29, 2012 discovery order, and (3) abused the judicial process by unreasonably multiplying the proceedings for this case in violation of 28 U.S.C. § 1927.

In support of its request for sanctions, PEI complains about Plaintiff's use of the phrase "will be produced" throughout its supplemental responses to PEI's requests for production. The Court did, in its June 29, 2012 order, direct Plaintiff to supplement its responses so as to definitively state whether all documents have been produced. Although Plaintiff may not have initially supplemented its actual responses in the exact manner directed by the Court, it nevertheless made written assurances to PEI that all responsive documents have been produced, with the exception of documents it is presently unaware of or those that have not yet been generated. (Filing 167-3.) This is in keeping with the spirit and intent of the Court's order and not a basis for imposing sanctions.

Moreover, two days before PEI filed the instant motion to compel, Plaintiff's counsel wrote PEI's counsel, informing PEI that by December 7, 2012, Plaintiff would serve second supplemental responses in an effort to finally resolve any concerns as to whether all responsive documents had been produced. Consistent with this statement, Plaintiff did, in fact, provide second supplemental responses. Clearly, Plaintiff made multiple efforts to rectify PEI's concerns regarding the terminology used in its supplemental responses. However, rather than waiting a week to receive second supplemental responses, PEI decided to seek Court intervention on this issue. The Court will not impose sanctions on Plaintiff under these circumstances.

PEI also asserts that Plaintiff has not produced extensive documentation in this case, including trial exhibits and dozens of depositions that were taken in other lawsuits involving the Ethanol Plant. PEI maintains that the deposition transcripts were requested through Document Production Request No. 1, which seeks the production of all statements in

Plaintiff's possession from any witness or individual alleged to have knowledge of facts relevant to this litigation. The Court agrees that Request No. 1 could reasonably be interpreted to ask for the production of the deposition transcripts. However, it seems that PEI has obtained many, if not all, of those transcripts and exhibits from other sources. Frankly, if this is the case, it is simply a waste of the parties' resources, as well as the Court's, to quibble about documents that PEI knowingly has in its possession. Nevertheless, if PEI believes that it is missing a copy of a trial exhibit or a transcript from one of the dozens of depositions it accuses Plaintiff of failing to produce, it shall so notify Plaintiff and Plaintiff shall produce the item, subject to any objections.

Pointing to document bates numbers, PEI also argues that Plaintiff produced at least 5,000 documents in other cases that have not been produced to PEI. However, Plaintiff's counsel explained to PEI in a November 28, 2012 letter that a different bates numbering system had been used in the other litigation and that the "missing" documents had, in fact, been produced. Then, in a further effort to clear-up any confusion, Plaintiff offered to again produce the documents. The Court notes that Plaintiff has already produced approximately 94,000 pages of documents. This being the case, it appears that Plaintiff has at least made some good faith effort to comply with PEI's extensive discovery requests.

Finally, PEI maintains that sanctions are warranted because, throughout this litigation, Plaintiff has made multiple false representations by suggesting that Plaintiff and/or its shareholder, Dennis Langley ("Langley"), no longer have control over the Ethanol Plant or access to certain documents. PEI asserts that these representations are false because Langley and his wife are the sole shareholders of Plaintiff and Plaintiff owns 30% of the stock of AltEn, LLC ("AltEn"), the Ethanol Plant's current owner. In fact, Langley sits on the board of managers of AltEn. PEI accuses Plaintiff and its counsel of playing a "shell game" with responsive materials so as to conceal their existence and prevent production.

The Court finds that PEI has legitimate concerns with respect to Langley's involvement with both Plaintiff and AltEn. It is troubling to the Court that Plaintiff, through Langley, indicates in its discovery responses that all documents in Plaintiff's possession have been produced, but suggests that responsive documents could be in AltEn's possession.

In an effort to obtain the documents that Plaintiff maintains could be in AltEn's possession, PEI served AltEn, as well as several related entities, with subpoenas. In response to these subpoenas, AltEn, and the others, filed motions to quash. The motions to quash, as well as PEI's responsive motion to compel, are pending before this Court in *E3 Biofuels, LLC v. Biothane Corp.*, Case No. 8:12CV441 (D. Neb. 2012). In that action, Langley submitted a declaration which states, in part, that "AltEn, LLC records and documents relating to post-acquisition work on re-commissioning the Ethanol Plant are located in multiple locations, including at the Ethanol Plant, **the offices of Dennis Langley** and the offices of other members of board of managers." *E3 Biofuels, LLC v. Biothane Corp.*, Case No. 8:12CV441, Filing 22-5 (emphasis added). Additionally, in that action, Langley apparently agreed to review AltEn's records and produce at least some post-bankruptcy material from AltEn's files. (Filing 165-5.)

Langley's ability to, at the very least, access documents in possession of each entity is concerning to the Court. The Court is hesitant to place extensive discovery burdens on non-parties, however, given Langley's involvement with each entity, the Court would be hard-pressed to find that discovery sought from AltEn is completely irrelevant or impermissible.

In any event, at least to this point, there is not enough evidence to show that Plaintiff has made deliberate, false representations with respect to Langley's involvement with both Plaintiff and AltEn or that Langley has misrepresented the scope of his authority to produce documents on behalf of AltEn. On July 1, 2011, Plaintiff specifically informed PEI that Plaintiff is Langley's company and that he is one of three managers of AltEn, but that Langley has no authority to unilaterally bind, control or speak for AltEn. There is insufficient evidence that these representations are false or that Plaintiff has misguided the Court with respect to Langley's involvement in this case. Plaintiff is strongly cautioned, however, that should further evidence come to light that Plaintiff has been making misrepresentations with respect to the documents it is able to produce or concealing materials in an effort to avoid its discovery obligations, the question of sanctions may be revisited.

In sum, the Court finds the imposition of sanctions is inappropriate at this time. To

5

date, it seems that Plaintiff and its counsel have conducted themselves professionally and have undertaken efforts to resolve discovery disputes to avoid unnecessary Court involvement. Based on the record before it, the Court is unable to conclude that PEI has consistently made similar efforts. Given the totality of the circumstances, the Court finds that Plaintiff has not engaged in any conduct that justifies the entry of sanctions under any applicable rule. Accordingly, PEI's request for sanctions will be denied.

**IT IS ORDERED:**

1. Perennial Energy, Inc.'s Motion to Compel and Motion for Sanctions (filing 163) is granted, in part.

2. Plaintiff shall produce copies of its 2011 and 2012 tax returns within ten (10) days of this Order.

3. Perennial Energy, Inc.'s request for sanctions is denied.

**DATED March 19, 2013.**

                                      **BY THE COURT:**

                                      S/ F.A. Gossett
                                      **United States Magistrate Judge**