IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| E3 BIOFUELS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | 8:11CV44 |
| | ) | |
| V. | ) | |
| | ) | |
| BIOTHANE, LLC, successor in interest and liability to, and PERENNIAL ENERGY, INC., | ) ) ) | ORDER |
| | ) | |
| Defendants. | ) ) | |

This matter is before the Court on Defendant Perennial Energy, Inc.'s ("PEI") Motion for Leave to Amend the Answers and File a Third-Party Complaint (filing 192), as well as Defendant Biothane LLC's ("Biothane") Motion for Leave to File a Third-Party Complaint (filing 195). Through their respective motions, PEI and Biothane (collectively "Defendants") seek leave to file third-party complaints against Katzen International, Inc. ("Katzen") and American Boiler Company ("ABC"). PEI also desires to file an amended answer to add additional defenses. For the reasons explained below, Biothane's motion will be denied and PEI's motion will be granted, in part.

### DISCUSSION

"Where leave to bring in additional parties is requested, discretion rests in the trial court to determine whether relief should be granted." *Agrashell, Inc. v. Hammons Prods. Co.*, 352 F.2d 443, 448 (8th Cir. 1965). "The criteria for granting a motion to amend under Rule 15 are useful in assessing a motion to add a third-party defendant." *American Home Assur. Co. v. Greater Omaha Packing Co., Inc.* No. 8:11CV270, 2013 WL 1502238, *1 (D. Neb. Apr. 11, 2013).

Under Federal Rule of Civil Procedure 15, a court should "freely give leave" to amend

a pleading "when justice so requires." Fed. R. Civ. P. 15.  Nevertheless, a party does not have an absolute right to amend and "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party."  *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008) (internal quotation and citation omitted).

Considering the totality of the circumstances, the Court will deny Defendants' requests to file third-party complaints.  This case was filed over two years ago.  If the Court were to grant Defendants' motions for leave to file third-party complaints, there would be no possibility that the parties could maintain the current progression schedule and trial date. Given the complexities of this case, Katzen and ABC would seemingly be unable to adequately prepare for the trial set for March 4, 2014.  Further delay caused by adding additional defendants would be prejudicial to Plaintiff.  If trial were again postponed, Plaintiff would be required to invest significantly more time and money in this case. Moreover, as the parties were previously informed (filing 179), delaying the trial would make this case reportable to the Eighth Circuit, as it would be over three years old.

This is not a situation in which Defendants only recently learned of Katzen and ABC's involvement with the Ethanol Plant.  Katzen and ABC were involved with the Ethanol Plant project in 2007, at the same time as Defendants.  In fact, documents pertaining to Katzen and ABC appeared on documents produced by Defendants to Plaintiff.  The Court, on numerous occasions, has informed the parties that this case cannot be further delayed.  Defendants could have sought to join Katzen and ABC as third-party defendants months, or even years ago.  Defendants' request to file third-party complaints will be denied.

PEI has also requested leave to amend its answer to assert new defenses.  Plaintiff does not oppose this request, other than to the extent PEI seeks to apportion fault to Katzen and ABC.  Because adding additional defenses will not create further delays in this action, PEI will be granted leave to amend its answer.  However, PEI's proposed amended answer must be revised so as to not include allegations seeking to apportion fault to Katzen and ABC based on their inclusion as parties to this suit.  The parties are advised that no extensions of the progression order will be granted based solely on the addition of the new defenses.

Accordingly,

**IT IS ORDERED:**

1. PEI's Motion for Leave to Amend the Answers and File a Third-Party Complaint (filing 192) is granted, in part. PEI's request to file a third-party complaint is denied. PEI may file an amended answer to Plaintiff's Complaint, provided, however, that it contain no allegations attempting to apportion fault to Katzen and ABC based on their inclusion as parties to this suit. PEI's amended complaint shall be filed by June 14, 2013.

2. Biothane's Motion for Leave to File a Third-Party Complaint (filing 195) is denied.

**DATED June 7, 2013.**

                              **BY THE COURT:**

                              **S/ F.A. Gossett**
                              **United States Magistrate Judge**