IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| E3 BIOFUELS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | 8:11CV44 |
| | ) | |
| V. | ) | |
| | ) | |
| BIOTHANE, LLC, successor in interest and liability to, PERENNIAL ENERGY, INC., MARVIN ENTERPRISES, INC. F/K/A, AMERICAN BOILER COMPANY, and KATZEN INTERNATIONAL, INC., | ) ) ) ) ) ) ) ) | ORDER |
| | ) | |
| Defendants. | | |

Plaintiff has filed a motion asking for a protective order pertaining to certain depositions requested by Defendants (filing 232). In particular, Plaintiff requests the following:

1. A protective order pursuant to Fed. R. Civ. P. 26(c)(1)(D) precluding defendants from asking any questions of Phillip C. Rouse that might seek the disclosure of information protected from discovery by the attorney/client privilege and/or the work product doctrine; and

2. A protective order pursuant to Fed. R. Civ. P. 26(c)(1)(B) limiting defendants' depositions of any non-parties to one fact witness or one Rule 30(b)(6) deposition and further, limiting all fact witness and Rule 30(b) depositions (except the deposition of Dennis Langley) to a total of four hours, to be split equally between plaintiff and defendants.

(*Id*.) For the reasons explained below, Plaintiff's motion will be denied.

**DISCUSSION**

Generally, parties may discover relevant, non-privileged information that is reasonably calculated to lead to admissible evidence. Fed. R. Civ. P. 26. However, a court may issue a protective order to prevent or limit discovery in order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id*. The moving party bears the burden to "show the necessity of [the protective order's] issuance, which contemplates a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973) (internal quotation and citation omitted). When evaluating the need for a protective order, courts must "include a consideration of the relative hardship to the non-moving party should the protective order be granted." *Id*. "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

**I.    The Deposition of Phillip C. Rouse**

Mr. Rouse is a member of the law firm that represents Plaintiff and is involved in the prosecution of this case. Mr. Rouse is also involved with AltEn, a non-party that currently owns the Ethanol Plant at issue in this suit.

Plaintiff admits that Mr. Rouse is aware of non-privileged factual information that is relevant to this suit. Thus, although Mr. Rouse is an attorney in this case, Plaintiff has agreed to produce Mr. Rouse for a deposition. *See Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986) (finding that in order to depose the opposition's attorney, a party must show that "(1) no other means exist to obtain the information than to depose opposing counsel . . . ; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case").[1] Nevertheless, Plaintiff desires a protective order precluding Defendants from asking questions which seek the disclosure of information protected by the attorney-client privilege and/or work product doctrine.

---

[1] Because Plaintiff has agreed to produce Mr. Rouse for a deposition, *Shelton* will not be addressed in this Order.

The Court finds Plaintiff's motion for a protective order premature as it relates to Mr. Rouse. Defendants have agreed to abide by the applicable rules governing privilege when deposing Mr. Rouse. To the extent that disagreements regarding privilege arise during Mr. Rouse's deposition, they can be resolved at a later time. Therefore, Plaintiff's motion for a protective order with respect to Mr. Rouse's deposition will be denied.

## II.     Depositions of Other Fact Witnesses

Under the Court's progression order, all fact witness depositions must be completed by September 1, 2013. At the time it filed the instant motion, Plaintiff believed that Defendants desired to complete at least thirty-two depositions in advance of that deadline. Now, however, Defendants represent to the Court that they have narrowed their fact witness deposition list down to twenty-one depositions or less.

Plaintiff argues that conducting all of Defendants' proposed depositions would be unduly burdensome and prejudicial. However, in light of Defendants' reduction of its deposition list, the Court sees no need, at least at this point, to limit the number or duration of these depositions. If the attorneys for the parties are able to cooperate and act reasonably in both scheduling these depositions and estimating the amount of time actually necessary to complete each one, there is no reason why the depositions cannot take place before the September deadline.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for a Protective Order Pertaining to Certain Depositions (filing 232) is denied.

**DATED June 28, 2013.**

BY THE COURT:

S/ F.A. Gossett
**United States Magistrate Judge**