IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| E³ BIOFUELS, LLC,<br><br>        Plaintiff,<br><br>vs.<br><br>BIOTHANE, LLC, successor in interest and liability to Biothane Corporation, and PERENNIAL ENERGY, INC.,<br><br>        Defendants. | CASE NO. 8:11CV44<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on the Statement of Objections to Filing No. 211 (Filing No. 212), the Second Statement of Objections to Filing No. 211 (Filing No. 220), and the Motion to Strike Index of Evidence in Support of Statement of Objections (#219) (Filing No. 222), filed by Defendant Perennial Energy, Inc. ("PEI"); and the Statement of Objections to Filing No. 211 (Filing No. 215) filed by defendant Biothane, LLC ("Biothane"). For the reasons stated below, the Defendants' objections to Magistrate Judge Gossett's Order (Filing No. 211) will be overruled, and PEI's Motion to Strike will be denied.

## BACKGROUND

The Plaintiff initiated this action in February 2011 (*see* Filing No. 1), alleging that the Defendants breached a contract to provide a functional boiler system for an ethanol plant in Mead, Nebraska, and that they were negligent in the start-up and integration of the boiler system, resulting in a boiler explosion in February 2007.

On April 29, 2013, PEI filed a Motion for Leave to Amend the Answers and File a Third-Party Complaint (Filing No. 192), seeking to file a third-party complaint against Katzen International, Inc. ("Katzen"), and American Boiler Company ("ABC"), and to

amend its answer to add defenses. On April 30, 2013, Biothane filed a Motion for Leave to File a Third-Party Complaint (Filing No. 195), also seeking to file a third-party complaint against Katzen and ABC.

On June 7, 2013, looking to "[t]he criteria for granting a motion to amend under Rule 15," which "are useful in assessing a motion to add a third-party defendant," *Am. Home Assur. Co. v. Greater Omaha Packing Co., Inc.*, No. 8:11CV270, 2013 WL 1502238, at *1 (D. Neb. Apr. 11, 2013), Judge Gossett issued an Order (Filing No. 211), denying the Defendants' requests for leave to file third-party complaints against Katzen and ABC, and denying in part PEI's request to amend its answer to assert new defenses. Judge Gossett ruled that "PEI may file an amended answer to Plaintiff's Complaint, provided, however, that it contain no allegations attempting to apportion fault to Katzen and ABC based on their inclusion as parties to this suit." (*Id.* at 3 ¶ 1.)

With respect to the Defendants' requests to file third-party complaints, Judge Gossett stated:

> This case was filed over two years ago. If the Court were to grant Defendants' motions for leave to file third-party complaints, there would be no possibility that the parties could maintain the current progression schedule and trial date. Given the complexities of this case, Katzen and ABC would seemingly be unable to adequately prepare for the trial set for March 4, 2014. Further delay caused by adding additional defendants would be prejudicial to Plaintiff. If trial were again postponed, Plaintiff would be required to invest significantly more time and money in this case. Moreover, as the parties were previously informed (filing 179), delaying the trial would make this case reportable to the Eighth Circuit, as it would be over three years old.
>
> This is not a situation in which Defendants only recently learned of Katzen and ABC's involvement with the Ethanol Plant. Katzen and ABC were involved with the Ethanol Plant project in 2007, at the same time as Defendants. In fact, documents pertaining to Katzen and ABC appeared on documents produced by Defendants to Plaintiff. The Court, on

> numerous occasions, has informed the parties that this case cannot be further delayed. Defendants could have sought to join Katzen and ABC as third-party-defendants months, or even years ago.

(Filing No. 211 at 2.)

With respect to PEI's request to amend its answer, Judge Gossett stated:

> Plaintiff does not oppose [PEI's] request, other than to the extent PEI seeks to apportion fault to Katzen and ABC. Because adding additional defenses will not create further delays in this action, PEI will be granted leave to amend its answer. However, PEI's proposed amended answer must be revised so as to not include allegations seeking to apportion fault to Katzen and ABC based on their inclusion as parties to this suit.

(*Id.*)

## DISCUSSION

### I. Objections to Magistrate's Order

#### A. Standard

When a party objects to a magistrate judge's order on a nondispositive pretrial matter, a district court may set aside any part of the order shown to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). "'A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Saleen v. Waste Mgmt., Inc.*, 649 F. Supp. 2d 937, 943 (D. Minn. 2009) (quoting *Chase v. Comm'r of Internal Revenue,* 926 F.2d 737, 740 (8th Cir.1991)) (internal quotation marks omitted). "An order is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Haviland v. Catholic Health Initiatives-Iowa, Corp.*, 692 F. Supp. 2d 1040, 1043 (S.D. Iowa 2010) (internal quotation marks and citation omitted).

### B. Analysis

"A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). To do so, however, "the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." *Id.* "Where leave to bring in additional parties is requested, discretion rests in the trial court to determine whether relief should be granted." *Payne v. Beef Products, Inc.*, No. 8:10CV33, 2010 WL 3909460, at *2 (D. Neb. Sept. 30, 2010) (quoting *Agrashell, Inc. v. Hammons Prods. Co.,* 352 F.2d 443, 448 (8th Cir.1965)). "The criteria for granting a motion to amend under Rule 15 are useful in assessing a motion to add a third-party defendant." *Am. Home Assur.*, 2013 WL 1502238, at *1.

Under Rule 15, after the time for amending a pleading as a matter of course has expired, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). Courts are directed to "freely give leave," but only "when justice so requires." *Id.* Thus, "[a] denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008) (internal quotation marks and citation omitted). In other words, "[t]here is no absolute right to amend," *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 841 (8th Cir. 2004) (internal quotation marks and citation omitted), and a district court has "'broad discretion'" when deciding whether to grant or deny a party's request for leave. *Turley v. Coventry Health Care of Iowa, Inc.*, 590 F. Supp. 2d 1126, 1128 (S.D. Iowa 2008) (quoting *Baptist Health v. Smith*, 477 F.3d 540, 544 (8th Cir. 2007)).

### 1. Denial of Leave to File Third-Party Complaints

The Defendants both object to the denial of their requests to file third-party complaints against Katzen and ABC. PEI argues that Judge Gossett's Order was clearly erroneous and contrary to the law because PEI filed its motion within the time permitted by the Court's progression order[1]; Judge Gossett's Order did not cite to any evidence to support the finding that PEI's motion for leave was untimely or that the Plaintiff would have to invest significantly more time and money if PEI's motion were granted; and the Order failed to acknowledge that both the Plaintiff and the Court contributed to PEI's delay in bringing its motion for leave. Biothane objects to Judge Gossett's Order on substantially the same grounds.

Having reviewed the record and the parties' briefs, the Court is not persuaded that a mistake has been made or that the relevant law has been misapplied. While the Defendants may have sought leave to file third-party complaints within the time set forth in the Court's most recent progression order, this action has been pending for over two years, the Defendants' proposed third-party complaints indicate that Katzen and ABC were involved with the ethanol plant's boiler project at the same time as the Defendants, and the Plaintiff has presented evidence[2] indicating the Defendants received notice of

---

[1] (*See* Am. Progression Order, Filing No. 209 at 1 ¶ 2 ("Any motion to amend pleadings and/or add parties shall be filed **not later than June 1, 2013**.").)

[2] This evidence consists of emails sent in 2005, 2006, and 2007 to members of PEI, Biothane, and Katzen indicating that Katzen was involved in the ethanol plant project and that, within a few weeks of the explosion, ABC sent an invoice to PEI for work done on the Ethanol Plant's boiler system, which PEI paid. (*See* Filing No. 214.) While the Court's local rules state that, with respect to objections to a Magistrate Judge's nondispositive orders, "[a] party may not offer additional evidentiary materials without a court order," NECivR 72.2(b)(1), and the Plaintiff filed these emails and the invoice along with its response to the Defendant's objections to Judge Gossett's Order, neither of the Defendants have objected to the Plaintiff's offering this evidence without a Court order.

Katzen's and ABC's involvement with the ethanol plant project even before this action was initiated.[3]

Furthermore, the progression deadlines in this case have previously been moved (*see* Filing Nos. 156, 182, 209), and Judge Gossett warned the parties before ruling on the Defendants' motions that this action would not be delayed further because it would make it reportable to the Eighth Circuit.[4] (Filing No. 179.) The record reflects, as Judge Gossett noted, that this is a complex case set for trial on March 4, 2014, and thus, it was not a mistake to conclude that the trial would need to be postponed again to avoid prejudicing Katzen and ABC if Katzen and ABC were only now made parties to this action,[5] or to conclude that postponing this action again would likely cause prejudice to the Plaintiff. Even if the Plaintiff would not be prejudiced in the form of added time and expense if the Defendants' motions for leave to file third-party complaints were granted, the Plaintiff would still be prejudiced by the resulting undue delay that would necessary.

---

[3] The Court notes that PEI believes this "evidence has nothing to do with the issue now before the [C]ourt," because "it is the evidence that PEI used to support its proposed Third-Party Complaint," and was only made available to PEI on October 11, 2011. (Filing No. 218 at 2.) The Court disagrees. This evidence at least tends to shows that, even if PEI's counsel was not aware of the emails or invoice prior to October 11, 2011, PEI and Biothane received notice by at least 2007 that Katzen and ABC were among the entities involved with the ethanol plant project. While the Plaintiff did not initiate this action until February 2011, PEI's original answer, filed on March 2, 2011 (Filing No. 25), reflects PEI believed third-parties--other than Biothane and Dilling Mechanical Contractors, Inc. (a defendant previously dismissed from this lawsuit)—may have been to blame for the Plaintiff's damages. (*id.* at ¶¶ 44, 48.)

[4] *See* 28 U.S.C. § 476. *See also Zip Dee, Inc. v. Dometic Corp.*, 926 F. Supp. 772, 775 (N.D. Ill. 1996) (denying a motion to add a counterclaim pursuant to Rule 15, in part, because of 28 U.S.C. § 476, and stating "[s]o there is no question that, despite [defendant]'s protestations to the contrary, to allow its Counterclaim at this point would be to cause a meaningful expansion of the scope of required discovery and a further delay in getting this case to trial. . . . Although of course no talismanic significance is to be attributed to a lawsuit's passing its third anniversary, the enactment of that provision as part of the Civil Justice Reform Act of 1990 is one of the indications of Congress' deep concern (one that the courts have long held) that justice delayed may be justice denied.").

[5] *See also* 6 Charles Alan Wright et al., Federal Practice and Procedure § 1443 (3d ed.). ("Of course the court must be sensitive to the possibility of prejudice to the original plaintiff or the third-party defendant that may result from permitting the assertion of the third-party claim" when exercising its discretion under Rule 14.).

PEI contends that delay alone is not a reason to deny the Defendants' leave to file-third party complaints, citing to *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001), and *Sanders v. Clemco Indus.*, 823 F.2d 214, 217 (8th Cir. 1987). While it is true "that delay alone is not reason in and of itself to deny leave to amend," *Sanders*, 823 F.2d at 217, delay may be a reason to deny leave to amend if it would "result[ ] in unfair prejudice to the party opposing amendment." *Id.* Keeping in mind the unique circumstances and complexities of this case, and that the record reflects the Defendants received notice of Katzen and ABC being involved with the ethanol plant at the same time the Defendants were involved with the plant, it was not clearly erroneous for Judge Gossett to conclude that the additional delays that would be necessary if the Defendants' motions were granted would result in unfair prejudice to the Plaintiff. Even without additional delays, the Plaintiffs will have waited for over three years before this action goes to trial. *See Zip Dee*, 926 F. Supp. at 775 ("Although . . . no talismanic significance is to be attributed to a lawsuit's passing its third anniversary, the enactment of that provision as part of the Civil Justice Reform Act of 1990 is one of the indications of Congress' deep concern (one that the courts have long held) that justice delayed may be justice denied.").

The Defendants may not have been entirely to blame for the delays that have occurred so far.[6] However, having reviewed the briefs and evidence the parties have submitted in support of their respective positions, and considering the discretion

---

[6] The Court notes the Defendants assert Judge Gossett erred in failing to "examine [the Plaintiff]'s behavior in delaying the proceedings[.]" (PEI's Reply Br., Filing No. 218 at 2; *see also* Biothane's Statement of Objections, Filing No. 215 at 2.)) Judge Gossett, who has supervised the progression of this case from the time it was initiated and is aware of the delays that have occurred in this case, "[c]onsider[ed] the totality of the circumstances" when denying the Defendants' requests for leave to file third-party complaints. (Filing No. 211 at 2.)

afforded to the Court when deciding to grant a party leave to file third-party complaints, *see Payne*, 2010 WL 3909460, at *2 (quoting *Agrashell*, 352 F.2d at 448), and the deferential standard of review the Court is to apply in its review of Judge Gossett's Order, the Court will overrule the Defendants' objections relating to the denial of their requests to file third-party complaints.

### 2. Denial of Leave to Add Defenses

In its Second Statement of Objections, PEI's objects to the denial of its request for leave to amend its answer, contending that Judge Gossett's Order is "vague." PEI notes that in its Answer to Plaintiff's First Amended Complaint (Filing No. 71), it asserted the "Plaintiff's damages, if any, were caused by the acts or omissions of third parties, including but not limited to Biothane Corporation and Dilling Mechanical Contractors, Inc., over whom this Defendant had not control" (*id.* ¶ 44), and that "the performance of its subcontract was rendered impossible by the acts of Plaintiff, Biothane Corporation, Dilling Mechanical Contractors, Inc., or some other third-party over which this Defendant has no control" (*id.* ¶ 48).

PEI contends Judge Gossett's Order could be interpreted to mean PEI must remove from its proposed amended answer these affirmative defenses because they are defenses under which it may attempt to apportion fault to Katzen and ABC. PEI argues that it clearly "contemplated the existence of other third-parties, such as ABC and Katzen, causing [the Plaintiff]'s damages and pled those defenses in its original Answer to [the Plaintiff]'s Amended Complaint." (Filing No. 220.) The Plaintiff acknowledges that "[n]o one . . . not plaintiff nor Magistrate Judge Gossett . . . ever

8

suggested that PEI (or defendant Biothane) was required to remove from its answer any affirmative defenses that had been previously pled." (Filing No. 235.)

Judge Gossett's Order seems fairly clear. It states: "PEI may file an amended answer to Plaintiff's Complaint, provided, however, that it contain no allegations attempting to apportion fault to Katzen and ABC *based on their inclusion as parties to this suit*." (Filing No. 211 at 3 (emphasis added); *see also id.* at 2.) As the Plaintiff acknowledges, Judge Gossett's Order does not address, and therefore does not prohibit, PEI from "seek[ing] to apportion fault to Katzen and ABC as *non-parties under previously-pled affirmative defenses*[.]"[7] (Filing No. 235.) PEI's Second Statement of Objections will be overruled because the Court is not persuaded that a mistake has been made or that the relevant law has been misapplied.

## II. Motion to Strike

In its Motion to Strike, PEI represents that it inadvertently filed the wrong "Exhibit 3" as an attachment to its index of evidence (Filing No. 219). PEI requests that the document it labeled and attached to its index as Exhibit 3 (Filing No. 219-3) be stricken, and that it be permitted to re-file its index of evidence with the corrected exhibit.

PEI submitted its index of evidence together with its Reply Brief (Filing No. 218) to support its statement of objections to Judge Gossett's Order. PEI's index of evidence reflects that PEI intended to attach as Exhibit 3 the "Affidavit of Kristina Kamler," (Filing No. 219), one of PEI's the attorneys. Attached to PEI's index as Exhibit 3, however, is a document titled "Economic Survey of Legal Practice in Iowa" from the May 2012, Volume 72, Number 5, edition of the publication, The Iowa Lawyer. (Filing No. 219-3.)

---

[7] The Court notes the Plaintiff asserts that this "is an issue the parties may address in dispositive motions and/or in appropriate pretrial motions." (Filing No. 235.)

9

PEI has not indicated the purpose Kamler's affidavit would serve with respect to supporting its Statement of Objections to Judge Gossett's Order. A review of PEI's Reply Brief[8] reveals that PEI has not cited to an "Exhibit 3" to support its objections to Judge Gossett's Order. (*See* Filing No. 218.) Thus, it seems likely that the purpose of Ms. Kamler's affidavit would be only to authenticate the other two exhibits presented in PEI's index of evidence, which is required by the Court's local rules. *See* NEGenR 7.1(a)(2)(C). To avoid delaying this action further, the Court has assumed PEI properly authenticated exhibits 1 and 2 for purposes of PEI's Statement of Objections to Judge Gossett's Order, and will not require PEI to re-file its index of evidence with the corrected Exhibit 3,[9] and PEI's Motion to Strike will be denied.

Accordingly,

IT IS ORDERED:

1.  The Statement of Objections to Filing No. 211 (Filing No. 212) filed by Defendant Perennial Energy, Inc., is overruled;

2.  The Statement of Objections to Filing No. 211 (Filing No. 215) filed by Defendant Biothane, LLC, is overruled;

3.  The Second Statement of Objections to Filing No. 211 (Filing No. 220) filed by Defendant Perennial Energy, Inc., is overruled; and

---

[8] The Court notes its local rules state only that a party objecting to a Magistrate Judge's order may file objections to that order. *See* 72.2(a). While the Court's local rules allow a party opposing an objection to a Magistrate Judge's Order to file an "opposing brief," the local rules do not state that the party making the objection may then reply to that opposing brief. *See id.* Nevertheless, the Court will consider PEI's reply brief; the Plaintiff has not objected to it, and it does not affect the Court's conclusion.

[9] The Court took into account exhibits 1 and 2 when evaluating PEI's objections.

4. The Motion to Strike Index of Evidence in Support of Statement of Objections (#219) (Filing No. 222) is denied.

Dated this 2nd day of July, 2013.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge