# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **E3 BIOFUELS, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **8:11CV44** |
| | ) | |
| **V.** | ) | |
| | ) | |
| **BIOTHANE, LLC, successor in** | ) | **ORDER** |
| **interest and liability to, PERENNIAL** | ) | |
| **ENERGY, INC., MARVIN** | ) | |
| **ENTERPRISES, INC. F/K/A,** | ) | |
| **AMERICAN BOILER COMPANY,** | ) | |
| **and KATZEN INTERNATIONAL,** | ) | |
| **INC.,** | ) | |
| | ) | |
| **Defendants.** | | |

This litigation involves the construction of a multi-million dollar Ethanol Plant in Mead, Nebraska. Essentially, Plaintiff alleges that the start-up of the Ethanol Plant was not substantially completed, and the Ethanol Plant never operated as intended, due to the failure of Defendants to fabricate and install a fully functional Boiler System. (Filing 60.) Defendant Perennial Energy, Inc. ("PEI") denies Plaintiff's allegations and, in its Answer, affirmatively alleges that Plaintiff's damages were caused by Plaintiff's own negligence and/or acts or omissions of third parties. (Filing 257.)

On June 27, 2013, PEI served a Notice of Rule 30(b)(6) Deposition (the "Notice") (filing 252) on Plaintiff. The Notice set forth seventy-one topics of inquiry and requested that Plaintiff produce a corporate representative(s) to provide testimony on July 31, 3013 and August 1, 2013. On July 19, 2013, Plaintiff filed its Response and Objections ("Response") to PEI's Notice. (Filing 275.) The Response provides objections to nearly all of the topics of inquiry listed on the Notice.[1] On July 19, Plaintiff also filed a Motion for Protective Order (filing 276) asking the Court to bar the deposition sought by the Notice until PEI

---

[1] Plaintiff did not object to topics 3, 9, 12, 13, 24, 25, 26, 58 or 59 as listed on the Notice. (Filing 277.)

revises the Notice to set forth the topics to be covered with reasonable particularity. Plaintiff's Motion further requests that PEI be ordered to provide Plaintiff with all documents, organized and categorized by topic, about which PEI intends to question Plaintiff.  Plaintiff requests that these documents be provided no later than two weeks before the deposition.

On August 2, 2013, PEI served a Third Amended Notice of Rule 30(b)(6) Deposition ("Amended Notice") which reduces the list of topics from seventy-one to sixty-five.  (Filing 291.)  The Amended Notice also modifies the language of some of the deposition topics by, among other things, including date ranges for the areas of inquiry.  Despite these changes, Plaintiff maintains its objections, arguing that the Amended Notice does not cure the deficiencies contained in the original Notice.[2]

## DISCUSSION

Generally, parties may discover relevant, non-privileged information that is reasonably calculated to lead to admissible evidence.  Fed. R. Civ. P. 26.  However, a court may issue a protective order to prevent or limit discovery in order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Id.  "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required."  Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984).

Plaintiff complains that the Amended Notice is overly broad, ambiguous, vague, not reasonably calculated to lead to the discovery of admissible evidence, duplicative of discovery that has already taken place in this case, and fails to identify the subject matters at issue with reasonable particularity.  Plaintiff argues that because the topics in the Amended Notice are so overly broad in scope, it would be impossible for any witness to thoroughly prepare to testify.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), a party may name as a deponent

---

[2] The topics as outlined in the Amended Notice will be addressed in this Order.

a public or private corporation.  The noticing party must, however, describe with reasonable particularity the matters for examination.  Fed. R. Civ. P. 30(b)(6).  "In order for Rule 30(b)(6) to function effectively, the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute."  *Lipari v. U.S. Bancorp, N.A.*, 07-2146-CM-DJW, 2008 WL 4642618, *5 (D. Kan. Oct. 16, 2008) (quotation and citation omitted).  "Only when the requesting party has reasonably particularized the subjects about which it wishes to inquire can the responding party produce a deponent who has been suitably prepared to respond to questioning within the scope of inquiry."  *Id.*  "When the notice is overbroad, the responding party is unable to identify the outer limits of the areas of inquiry noticed, and designating a representative in compliance with the deposition notice becomes impossible."  *Id*.

The Court has carefully reviewed PEI's deposition notices.  The Court agrees with Plaintiff that many of the topics as stated on the Amended Notice are overly broad and vague.  Given its extensive knowledge of the amount/type of discovery that has occurred in this case, as well as the complexities and issues involved in this litigation, the Court also agrees with Plaintiff that the Amended Notice does not define multiple topics of inquiry with reasonable particularity.   For purposes of a speedy ruling given the fast-approaching deposition date, the Court will not discuss each and every objection to each and every deposition topic set forth on the Amended Notice, nor will the Court re-draft the Amended Notice.  Instead, the Court makes the following observations.

The most obvious example of PEI's failure to reasonably particularize the areas of inquiry is its request for testimony regarding "[Plaintiff's] claims as set forth in its Amended Complaint."  (Filing 291.)  In light of the complex subject matter of this litigation, *i.e.* problems stemming from the construction of a multi-million dollar Ethanol Plant, this topic as noticed clearly does not describe with reasonable particularity the subjects of inquiry.  *See Sheehy v. Ridge Tool Co.*, No. 3:05-CV-01614, 2007 WL 1548976, *4 (D. Conn. May 24, 2007) (finding that the plaintiff's mere reference to the complaint in its Rule 30(b)(6) deposition notice did not describe with reasonable particularity the issues to be addressed at the deposition).

Another evident example of the Amended Notice's deficiencies includes PEI's request for testimony about "[t]he engineering completed for this Plant from 2004 to the present date." (Filing 291.)  As pointed out by Plaintiff, in a facility of this size and nature, there were undoubtably numerous engineering activities involved in the design and construction of each component of the Plant.  It would be nearly impossible for Plaintiff to designate and fully prepare a corporate representative with knowledge regarding this topic as noticed.

Other problematic topics of inquiry include, for instance, those simply requesting information about "[the] Plant's steam distribution system in 2007," or "Phase monitors in the Plant in 2007." (Filing 291.)  It is unclear whether PEI wants testimony regarding the operation of those components, the design of those components, the functional history of those components, all three of those things, or something all together different.  Depending on PEI's desires, separate corporate representatives could be required to fully answer those areas of questioning.  Plaintiff cannot be left to guess about the information PEI wishes to obtain, and then open itself up to complaints that it failed to produce appropriate individuals to testify.

In short, particularly in view of the breadth of discovery that has taken place in this action and the complexities involved in this litigation given its subject matter, the Court finds that the following topics as listed on the Amended Notice are improper because they are vague, overly broad and fail to set forth the topics of inquiry with reasonable particularity: 1, 3, 4, 13, 14, 17, 18, 26, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 43, 44, 45, 46, 47 and 48.  (Filing 291.)[3]  However, despite this conclusion, the Court will not preclude testimony from being taken on these topics as presently noticed.  Plaintiff's Response and Objections to PEI's Notice (filing 275) states that Plaintiff will produce Dennis Langley ("Langley") to testify to the best of his ability regarding these topics.  Therefore, with respect to Topic Nos. 1, 3, 4, 13, 14, 17, 18, 26, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 43, 44, 45, 46, 47 and 48, Plaintiff's production of Langley for deposition will be deemed sufficient for compliance with PEI's Amended Notice.  As to the other topics set forth in PEI's Amended Notice, Plaintiff remains obligated to produce the appropriate corporate

---

[3] For purposes of brevity, the topics are not explicitly set forth in this Order, but are incorporated by reference.

4

representative(s) necessary to thoroughly and completely testify.

PEI may, of course, again amend its deposition notice to properly and appropriately narrow the problematic topics set forth above.  If it does so, Plaintiff must then designate an individual other than Langley, if appropriate based on the information then requested, to testify on its behalf.   However, as the Court has made the parties aware, additional delay in this case will not be permitted.  Therefore, any revised notice must be served promptly. Moreover, in the event a revised notice is served, counsel for the parties must confer in a genuine effort to sort-out any differences which arise.  Efforts by either party to purposefully delay or obstruct discovery by refusing to reasonably confer in an effort to resolve issues related to a revised notice will not be tolerated by the Court.

Additionally, given the breadth of discovery in this case, particularly the volume of document production, the Court will order PEI to identify, by bates number or other similar means, the documents about which PEI intends to question Plaintiff no later than August 22, 2013. From PEI's brief in opposition to Plaintiff's Motion (filing 292), it is apparent that PEI can identify many, if not all, of the documents at this time.  The Court will not, however, require that PEI categorize and/or organize these documents for Plaintiff in advance of the deposition.

As a final note, the Court deems it appropriate to point out that narrowing the topics of inquiry and producing documents in advance of the deposition should advance PEI's discovery efforts by allowing PEI to receive thorough, direct and complete information from the appropriate representative.  Moreover, specificity in the deposition notice will ultimately conserve the resources of both PEI and Plaintiff, a result which should be of great importance to each party.  The parties have each undoubtedly spent substantial sums of money in connection with discovery in this case.  Hopefully, by requiring PEI to better define its desired areas of inquiry, needless expense for each party can be avoided.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for a Protective Order Pertaining to Rule 30(b)(6) Deposition (filing 276) is granted, in part, as set forth above.

5

DATED August 15, 2013.

BY THE COURT:

S/ F.A. Gossett
United States Magistrate Judge