IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| E3 BIOFUELS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | 8:11CV44 |
| | ) | |
| V. | ) | |
| | ) | |
| BIOTHANE, LLC, successor in interest and liability to, PERENNIAL ENERGY, INC., MARVIN ENTERPRISES, INC. F/K/A, AMERICAN BOILER COMPANY, and KATZEN INTERNATIONAL, INC., | ) ) ) ) ) ) ) ) | ORDER |
| | ) | |
| Defendants. | | |

Plaintiff served responses to Defendant Perennial Energy, Inc.'s ("PEI") Requests for Admissions ("RFA") on May 31, 2013. PEI claims that Plaintiff's responses to certain requests contain improper objections. PEI has filed a motion requesting that the Court declare the requests admitted or order Plaintiff to supplement its responses. (Filing 246.) PEI's motion will be granted, in part.

DISCUSSION

Under Federal Rule of Civil Procedure 36, a party may serve on any other party a written request to admit the truth of any matters within the scope of Rule 26(b)(1) relating to facts, the application of law to fact, or opinions about either. The purpose of Rule 36 is "to expedite trial by eliminating the necessity of proving undisputed issues and thus narrowing the range of issues for trial." *Fisher v. Baltimore Life Ins. Co.*, 235 F.R.D. 617, 623 (N.D.W. Va. 2006) (quotation and citation omitted).

"The court has substantial discretion to determine the propriety of such requests and the sufficiency of responses." *National Independent Truckers Ins. Co. v. Gadway*, No. 8:10CV253, 2011 WL 5554802, *2 (D. Neb. Nov. 15, 2011). "When passing on a motion

to determine the sufficiency of answers or objections, the court obviously must consider the phraseology of the requests as carefully as that of the answers or objections." *Id*. (quotation and citation omitted). "The requesting party bears the burden of setting forth in necessary, but succinct, detail, the facts, events or communications to which admission is sought . . ." *Id*.

PEI makes multiple complaints about Plaintiff's RFA responses. First, PEI asserts that several of Plaintiff's responses are improper because they pose objections based on a distinction between an electronic version of exhibits that PEI sent to Plaintiff in connection with the RFA and the hard copy of those materials. For instance, in response to RFA No. 28, Plaintiff stated:

> As a preliminary matter, plaintiff notes that the PDF file identified as 'Exhibit E' that was emailed to plaintiff's counsel by [PEI's] counsel is different than the paper copy of 'Exhibit E' appended to [PEI's] requests for admission.
>
> To the extent this RFA is directed at the PDF version of 'Exhibit E,' this request is denied.
>
> To the extent this RFA is directed at the paper copy of 'Exhibit E,' plaintiff admits that this document is a true and accurate copy . . .

(Filing 248-1.) PEI argues that because the electronic version was sent merely as a courtesy, Plaintiff should not have referenced it when responding to the requests.

The Court finds PEI's arguments in this regard unconvincing. Given the large amount of discovery disputes that have arisen over the course of this litigation, Plaintiff can hardly be blamed for inserting these objections and/or explanations. PEI is responsible for the inconsistencies between the two sets of materials and Plaintiff dealt with these inconsistencies in a reasonable manner, especially considering the history of this case. Plaintiff's inclusion of the complained-of statements does not render its responses unclear or otherwise inappropriate.

PEI next maintains that Plaintiff's objection to RFA No. 43 on the basis that the request seeks a legal conclusion is improper. PEI claims that this request seeks an admission

pertaining to the application of law to fact and/or Plaintiff's opinions regarding the same, particularly, that Dennis Langley had an "obligation to ensure" the project's success as a result of "guarantees" he provided for the construction of the Ethanol Plant. (Filing 248-1.)

It is true that a party may serve requests for admission that seek the application of law to fact. However, "[r]equests for admission are properly objectionable when they call for a conclusion of one of the ultimate issues in the case . . . Where issues in dispute are requested to be admitted, a denial is a perfectly reasonable response." *Williamson v. Correctional Med. Serv.*, No. 06-379, 2009 WL 1364350, *2 (D. Del. May 14, 2009) (citations omitted). Moreover, "[e]ven though a request may be phrased to appear factual, if it encroaches on legal turf, or reaches the ultimate decision of the court, the request will be seen as seeking a legal conclusion and cannot be compelled." *Phillip N. Adams & Assoc, LLC v. Dell, Inc.*, No. L05-CV-64, 2007 WL 128962, *2 (D. Utah Jan. 11, 2007).

RFA No. 43 encroaches upon a legal question. (Filing 248-1.) As pointed out by Plaintiff, this request seeks an admission by Plaintiff that legal duties or obligations arose purely as a result of certain "guarantees" made by Mr. Langley in connection with the construction of the Ethanol Plant. In any event, despite Plaintiff's objection, it nonetheless partially admitted the request, providing a detailed explanation regarding its response. (*Id*.) In particular, Plaintiff stated that Mr. Langley provided guarantees for various reasons pertaining to the Plant and that Mr. Langley would not have provided guarantees if he did not believe that the contractors hired to construct the Plant would act in accordance with their contractual duties. (*Id*.) Plaintiff's response is sufficient.

PEI also argues that Plaintiff's responses to RFA Nos. 50 and 52,[1] which inquire whether construction of the Plant was "substantially complete" by certain dates, are improper. (*Id*.) Plaintiff essentially objected to these requests on the basis that they are ambiguous. Plaintiff explained that there are different definitions of the phrase "substantially complete," and that the phrase is a term of art that is defined differently in various documents pertaining to the Plant. Despite its objections, Plaintiff provided responses to these requests, admitting RFA No. 50, and denying RFA No. 52.

---

[1] Plaintiff has withdrawn its objection to RFA No. 53. (Filing 260.)

The Court agrees with Plaintiff that these requests are vague and ambiguous. Given the phraseology used by PEI, Plaintiff's responses are appropriate. *Williamson*, 2009 WL 1364350 at *3 (citations omitted) ("To compel answers to vague and indefinite questions capable of more than one interpretation and which require an explanation thwarts the purposes of Rule 36(a) . . . A party is not required to respond to a request containing vague or ambiguous statements").

Similarly, Plaintiff objected to RFA Nos. 86, 87, 88 and 89, which inquire about the Plant's boilers, on the basis that they include the undefined phrase "full capacity" which could have different meanings with regard to the boilers. (Filing 248-1.) In its responses, Plaintiff asserted that it would attempt to provide an answer to these requests if PEI clarifies what it means by the phrase "full capacity." (*Id*.) As mentioned previously, as the requesting party, PEI has the burden of setting forth in succinct detail the facts or communications to which admission is sought. In these requests, PEI failed to do so. The scope and meaning of the requests are unclear, which makes an admission or denial impossible. Plaintiff's responses to these requests are sufficient.

PEI further contends that Plaintiff's responses to RFA Nos. 54, 61, 62, 63, 74, 75, 76, 77, 84, 85, 92, 139, 161, 162, 163, 170, 171, 172, 174, 175, 180, 181, 182, 183, 196, 198, 199, 200, 205, 206, 208, 209, 211 and 212 are improper because Plaintiff failed to make, or at the least state that it made, a reasonable inquiry which would allow it to either admit or deny the requests. The subject requests appear to quote or paraphrase documents, but the referenced documents were not attached to the RFA and PEI did not otherwise identify them or identify individuals who allegedly provided the information set forth in the requests. Given this, Plaintiff objected to each of the requests with variations of the following statement:

> [P]laintiff objects that this request is incomplete in that it includes a quotation, yet fails to identify who purportedly made this quotation, nor does it identify any documents in which this quotation purportedly appears. To the extent this request purports to require plaintiff to sort and sift through the hundreds of thousands of pages of documents that have been produced in this case by the parties and the non-parties so plaintiff can admit or deny this request, plaintiff objects that this request is overly broad and unduly burdensome.

(*Id*.)

The Court finds nothing evasive with Plaintiff's responses to these requests. Again, PEI did not describe in succinct detail the events or communications to which admission was sought. It would be extremely burdensome for Plaintiff take the steps necessary to allow it to either admit or deny statements and/or alleged facts purportedly taken from unidentified documents or individuals, particularly in light of the voluminous amount of materials that have been produced in this case. Plaintiff's responses to these requests are sufficient.

Finally, PEI complains that Plaintiff changed the language of RFA Nos. 68, 101 and 113 as a result of typographical errors. Plaintiff has agreed to supplement its responses to rectify those errors. (Filing 260.)

Accordingly, having considered each argument presented in the parties' briefs,

**IT IS ORDERED** that PEI's Motion to Determine the Sufficiency of E3's Answers to Requests for Admission (filing 246) is granted, in part. Plaintiff shall supplement its responses to memorialize the withdrawal of its objection to RFA No. 53 and to rectify the typographical errors contained in its responses to RFA Nos. 68, 101 and 113.

**DATED August 29, 2013.**

                                                          **BY THE COURT:**

                                                          S/ F.A. Gossett
                                                          **United States Magistrate Judge**