IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| E3 BIOFUELS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | 8:11CV44 |
| | ) | |
| V. | ) | |
| | ) | |
| BIOTHANE, LLC and PERENNIAL ENERGY, INC., | ) ) | FINDINGS AND RECOMMENDATION |
| | ) | |
| Defendants. | ) ) | |

On July 15, 2013, Defendant Perennial Energy, Inc. ("”PEI") filed a motion (filing 271) requesting both dispositive and non-dispositive relief. This order addresses the dispositive portion of PEI's motion, in particular, its request that this case be dismissed for lack of subject matter jurisdiction. For the reasons explained below, the undersigned will recommend to Chief District Court Judge Laurie Smith Camp that PEI's motion to dismiss be denied.

## BACKGROUND

Defendant PEI is incorporated under the laws of the State of Missouri. Defendant Biothane LLC's sole member is Veolia Water Solutions & Technologies North America, Inc., which is a Delaware corporation with its principal place of business in Pennsylvania.

Plaintiff's sole member is Earth, Energy & Environment, LLC. Earth Energy & Environment is a limited liability company registered with the State of Kansas. Earth, Energy & Environment has two members: Dennis Langley ("Langley"), who was a South Dakota citizen when suit was filed, and Langley Group, Ltd., a Kansas for-profit corporation that has its principal place of business in Kansas.

PEI claims that "[Plaintiff] a/k/a Earth, Energy, & Environment, LLC" has a limited partnership interest in AltEn Opportunity I, LP. The general partner of AltEn Opportunity

I, LP is AltEn Holding LLC, which is an entity organized under the laws of Missouri. Through its membership in AltEn Holding, LLC, KC Commercial Group, LLC is a limited partner of AltEn Opportunity I, LP.  PEI maintains that through KC Commercial Group, LLC, DFRG, Inc. has an equity interest in AltEn Holdings, LLC, and a limited partnership interest in AltEn Opportunity I, LP.  As of February 2011, DFRG, Inc. was a Missouri corporation with its principle place of business in Missouri.

## ANALYSIS

Plaintiff brought suit in this Court invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332.  PEI now seeks dismissal, arguing that complete diversity is lacking. Diversity jurisdiction exists when an action is between citizens of different states and the amount in controversy exceeds the sum of $75,000.  28 U.S.C. § 1332(a)(1).  However, diversity jurisdiction can only be maintained "where there is complete diversity, that is, where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *Junk v. Terminix International Company*, 628 F.3d 439, 445 (8th Cir. 2010) (internal citation and quotation omitted).  Jurisdiction is determined based on the parties' status at the time the lawsuit was filed.  *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570 (2004).

PEI maintains that complete diversity does not exist because DFRG, Inc., a citizen of Missouri when this action was filed, is a limited partner with Plaintiff, as they both have a joint interest in AltEn Opportunity I, LP.  Essentially, PEI argues that in diversity jurisdiction analysis, courts should examine the citizenship of all partners who are involved in business ventures with members of the party limited liability company.  The Court finds this argument unpersuasive.

It is well-established that "[t]he citizenship of a limited liability company . . . is defined by the citizenship of its members." *Ray Brown and Associates, Inc. v. Hot Springs Senior Properties, LLC*, No. 8:07CV159, 2008 WL 2271488, *3 (D. Neb. May 29, 2008) (citation omitted).  "Because the citizenship of an L.L.C. is that of its members for diversity jurisdiction purposes, it is incumbent on a district court to ascertain the citizenship of each member of an L.L.C. party in any case in which diversity jurisdiction is asserted, in order to determine whether there is complete diversity of citizenship of the parties.  *Id*.  Also,

"because a member of a limited liability company may itself have multiple members–and thus may itself have multiple citizenships–the federal court needs to know the citizenship of each 'sub-member' as well." *Delay v. Rosenthal Collins Corp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009).  When ascertaining the citizenship of a partnership, courts look to the citizenship of all the partners in that partnership.  *See Buckley v. Control Data Corp.*, 923 F.2d 96, 97 (8th Cir. 1991).

Plaintiff's sole member is Earth, Energy & Environment, LLC.  Earth, Energy & Environment is a limited liability company registered with the State of Kansas.  Earth, Energy & Environment has two members: Dennis Langley, who was a citizen of South Dakota when this case was filed, and Langley Group, Ltd., a Kansas for-profit corporation that has its principle place of business in Kansas.

The fact that Plaintiff and DFRG, Inc., a Missouri corporation, each allegedly have limited partnership interests in AltEn Opportunity I, LP, does not destroy diversity jurisdiction.  The law is clear that in ascertaining the citizenship of a limited liability company, such as Plaintiff, the focus is on the citizenship of each of its members.  The citizenship of AltEn Opportunity I, LP is irrelevant as it is not an owner or member of Plaintiff, nor is it a party to this suit.  Through its members, Plaintiff is a citizen of Kansas and South Dakota.  Defendants are citizens of Missouri, Delaware and Pennsylvania.  Complete diversity exists and PEI's Motion to Dismiss should be denied.

Upon consideration of the parties' respective arguments,

**IT IS HEREBY RECOMMENDED** to Chief United States District Judge Laurie Smith Camp that PEI's Motion to Dismiss (filing 271) be denied.

A party may object to a magistrate judge's order by filing an objection within fourteen (14) days after being served with a copy of the findings and recommendation.  Failure to timely object may constitute a waiver of any objection.

**DATED September 19, 2013.**

                                                BY THE COURT:

                                                S/ F.A. Gossett
                                                **United States Magistrate Judge**