IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| E3 BIOFUELS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | 8:11CV44 |
| | ) | |
| V. | ) | |
| | ) | |
| BIOTHANE, LLC, and PERENNIAL ENERGY, INC., | ) | ORDER |
| | ) | |
| Defendants. | ) | |

This suit arises out of the construction of an Ethanol Plant in Mead, Nebraska. Defendant Perennial Energy, Inc. ("PEI") filed a Motion to Compel, Motion for Sanctions, and Motion to Overrule Plaintiff's Claims of Privilege (filing 271).[1]  The Motion will be granted, in part.

1. **Motion to Compel Information Pertaining to the Citizenship of all Owners/Investors**

PEI asks that the Court compel Plaintiff to provide "information pertaining to the citizenship of all owners/investors in this business venture." (Filing 272.)  However, it is unclear what PEI means by "business venture."  If PEI is requesting information regarding the citizenship of Plaintiff's owners, members and sub-members, its motion to compel seems unnecessary because it appears that PEI already has this information.  If, however, Plaintiff has not yet provided this information, it shall do so within ten days of this order.

To the extent that PEI is seeking information pertaining to the citizenship of entities in which Plaintiff has some business interest, such as AltEn Opportunity I, LP, PEI's motion will be denied because this information is irrelevant to the question of subject matter

---

[1] PEI's Motion also requested that this case be dismissed for lack of subject matter jurisdiction.  This portion of PEI's Motion is addressed in a separate order.

jurisdiction.[2] As the Court explained in its order on PEI's motion to dismiss (filing 271), the citizenship of those entities in which Plaintiff or its members have a partnership interest is immaterial in evaluating whether the Court has diversity jurisdiction over this dispute. The citizenship of a limited liability company, such as Plaintiff, is determined by the citizenship of its members and sub-members. Again, PEI appears to have this information.

### 2. Motion to Compel Production of Settlement Agreements

PEI requests that the Court compel Plaintiff to produce a copy of the settlement agreement that Plaintiff recently entered into with Zurich American Insurance Company ("Zurich"). PEI maintains that the settlement agreement could reveal information about a subrogation claim that Zurich may have against PEI pertaining to the issues involved in this litigation. PEI also claims that Plaintiff threatened to initiate a second legal action against PEI based upon the terms of the settlement agreement.

Plaintiff asserts that the settlement agreement with Zurich contains a confidentiality clause, but that it is willing to produce a copy of the agreement if authorized to do so by Zurich's counsel. Plaintiff also represents that as part of the settlement agreement, Zurich no longer has the right to subrogate against the defendants. Plaintiff asserts that, as a result of the settlement, Zurich gave any subrogation rights against the defendants to Plaintiff.

This Court will order Plaintiff to provide a copy of the settlement agreement to PEI's counsel within ten days of this order. The settlement agreement shall, however, be marked confidential and its disclosure shall be limited to counsel of record. Further disclosure will not be permitted absent a showing of good cause.

### 3. Renewed Motion for Sanctions

PEI previously requested that the Court sanction Plaintiff for allegedly making false representations by suggesting that Plaintiff and its shareholder, Dennis Langley ("Langley"), no longer have control over the Ethanol Plant or access to certain documents. PEI argued

---

[2] The Court is unaware of any other alleged basis for relevance of this information.

that those representations were false because Langley is Plaintiff's sole shareholder and Plaintiff owns 30% of the stock of AltEn, LLC, the Ethanol Plant's owner. The Court denied PEI's request for sanctions, but in doing so, noted that PEI had legitimate concerns with respect to Langley's involvement with both Plaintiff and AltEn, LLC. (Filing 176.) However, the Court determined there was insufficient evidence to show that Plaintiff had made deliberate, false representations with respect to Langley's involvement with both Plaintiff and AltEn, LLC, or that Langley had misrepresented the scope of his authority to produce documents on AltEn's behalf. The Court cautioned Plaintiff that the issue of sanctions could be revisited if evidence came to light that Plaintiff had, in fact, been making misrepresentations with respect to the documents it is able to produce.

PEI has now renewed its request for sanctions, arguing that, in response to an interrogatory, Plaintiff falsely represented that it does not own any stock of AltEn Opportunity I, LP. PEI also claims that sanctions are appropriate because Plaintiff falsely stated in response to a document production request that it did not possess or control the articles of incorporation or bylaws of AltEn, LLC, AtlEnergy Holdings, LLC or AltEn Opportunity I, LP. PEI claims that Plaintiff had the practical ability to produce the documents because Plaintiff's counsel, Phillip Rouse ('Rouse"),[3] and Langley had the combined authority to manage AltEn, LLC and make decisions for that entity to produce requested information for this case.

The Court will deny PEI's renewed request for sanctions. Rouse's deposition testimony suggests that Plaintiff may have a thirty-eight percent limited partnership interest in AltEn Opportunity I, LP. However, the Court is unable to conclude that Plaintiff's statements in its interrogatory responses were intentionally false. A review of the corporate structures of the entities in question is complex. If an omission with respect to a limited partnership interest was made, it is easy to see how such a mistake or oversight occurred. When Langley and Rouse were questioned about the business relationships between the entities in their depositions, they provided detailed accounts - even providing sketches to aid their explanations. It does not appear that Plaintiff made any deliberate misrepresentations.

---

[3] Rouse and Langley are two of the three managers of AltEn, LLC, the current owner of the Ethanol Plant.

The Court likewise finds Plaintiff's claims regarding its ability to produce AltEn, LLC's records an insufficient basis for sanctions. Rouse explained during his deposition that Langley did not have the ability to "control" AltEn, LLC or direct it to produce documents for this litigation. Rouse further testified that Plaintiff's concerns regarding document production stemmed from the need to observe corporate formalities, given that Plaintiff and AltEn, LLC are separate legal entities. PEI ultimately served AltEn with a subpoena, and AltEn provided responsive documents. Sanctions are not warranted.

### 4. Motion to Overrule Plaintiff's Claims of Privilege

In connection with discovery, Plaintiff provided PEI a privilege log, asserting that several email communications are privileged. From the log, it appears that many of the emails were not authored by Plaintiff's counsel and that several of the communications included individuals claimed by Plaintiff to be independent contractors or individuals from entities not affiliated with Plaintiff. Plaintiff's counsel was included on each of the emails.

In its initial brief, PEI argued that the identified documents are not privileged because they are not confidential communications between Plaintiff's representatives or its counsel. PEI pointed out that the communications were not authored by Plaintiff's counsel. PEI also asserted that Plaintiff had waived any privilege with respect to several documents because Plaintiff had disclosed the documents in other litigation.

Plaintiff responded to PEI's arguments, stating that although emails were not authored by Plaintiff's counsel, they were received by Plaintiff's counsel from Plaintiff. Plaintiff also noted that because PEI appeared to have the documents which were supposedly disclosed in other litigation, PEI's argument concerning the waiver of privilege as to those documents was unnecessary. In its reply brief, PEI clarified the basis for its motion to overrule Plaintiff's claims of privilege. PEI explained that it questioned the confidentiality of the emails because they copied or included third-parties.

With this background in mind, the Court will order Plaintiff to submit the subject documents for *in camera* review. Plaintiff shall also advise the Court as to which of those documents, if any, were disclosed in other litigation and whether those documents were

subject to a protective order or any other disclosure restriction in that litigation. Plaintiff shall do so within ten days of this Order. Further, PEI shall identify, within ten days of this Order, the subject documents that it currently has in its possession.

Accordingly,

Upon consideration of the parties' respective arguments,

**IT IS ORDERED** that Defendant Perennial Energy, Inc.'s Motion to Compel, Motion for Sanctions, and Motion to Overrule Plaintiff's Claims of Privilege (filing 271) is granted, in part, as set forth above.

**DATED September 19, 2013.**

BY THE COURT:

S/ F.A. Gossett
**United States Magistrate Judge**
