IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| E3 BIOFUELS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | 8:11CV44 |
| | ) | |
| V. | ) | |
| | ) | |
| BIOTHANE, LLC and PERENNIAL ENERGY, INC., | ) ) | ORDER |
| Defendants. | ) ) | |

On September 20, 2013, Defendant Perennial Energy, Inc. ("PEI") served a Notice of Deposition setting the depositions of Plaintiff's retained and non-retained expert witnesses. (Filing 326.) Three days later, PEI filed an Amended Notice, attaching subpoenas which were to be issued by overnight mail. (Filing 327.) The Amended Notice states that the depositions will be conducted October 1 through October 11, 2013. On Friday, September 27, 2013, Plaintiff filed a motion to quash the subpoenas and requested that the Court enter a protective order regarding expert discovery in this case (filing 329). Plaintiff's motion will be granted, in part.[1]

DISCUSSION

Plaintiff's motion to quash (filing 329) will be granted. The subpoenas seek to re-depose seven individuals, and there does not appear to be good reason to do so. Requiring these individuals to be deposed again, without some showing that they possess new information, would unduly burden the witnesses and generate unnecessary expense for the parties. Allowing these depositions to go forward as noticed would also unduly burden Plaintiff and its counsel, who would have to make arrangements to attend these depositions on relatively short notice.

---

[1] The Court realizes that the defendants have not had a substantial opportunity to respond to Plaintiff's motion to quash. However, because the noticed depositions are scheduled to begin tomorrow, an immediate ruling is necessary.

The Court further believes that a protective order is warranted. The parties' attorneys are clearly unable to cooperate with one another, much to the detriment of their clients. Therefore, in an effort to stave off any potential (and, in reality, likely) discovery disputes, prevent duplicative and unnecessary discovery, and conserve the resources of both the Court and the parties, the Court will enter a protective order as follows:

1. The parties may not re-depose any witness in this case until the party seeking to re-depose such witness seeks leave of Court to do so and demonstrates that good cause exists for an additional deposition.

2. Depositions of retained expert witnesses shall be held after all of that expert's reports (including rebuttal reports) have been exchanged. Counsel shall meet and confer in an effort to schedule depositions at a mutually-agreeable time and location. Failure to meet and confer in accordance with this Order may form the basis for sanctions. The expert witness deposition deadline remains as previously set.

3. The parties shall produce the file materials of their respective experts at least seven days prior to that expert's deposition.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Quash and Motion for Protective Order ([filing 329](#)) is granted, in part, as set forth above.

**DATED September 30, 2013.**

BY THE COURT:

S/ F.A. Gossett
**United States Magistrate Judge**