IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| E3 BIOFUELS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | 8:11CV44 |
| | ) | |
| V. | ) | |
| | ) | |
| BIOTHANE, LLC and PERENNIAL ENERGY, INC., | ) | ORDER |
| | ) | |
| Defendants. | ) | |

On September 16, 2013 Defendant Biothane Corporation, LLC ("Biothane") filed a Notice of Intent to Issue Subpoenas to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action to Kim Mniszewski ("Mniszewski"), Steve Browne ("Browne") and Philip Madson ("Madson") (filing 316). Four subpoenas were attached to the Notice. Three of the subpoenas were addressed to Plaintiff's retained experts, Mniszewski, Browne and Crispin Hales ("Hales"). The fourth subpoena was addressed to Madson, a non-retained expert disclosed by Plaintiff.

The subpoenas were issued on September 12, 2013. The subpoenas each commanded production of the following:

1. All documents sent to you or received by you from any of the Plaintiff or Plaintiffs, including your agreement to provide consulting services to E3 Biofuels, LLC v. Biothane Corporation, CASE NO. 8:11-cv-00044 pending in the United States District Court for the District of Nebraska.

2. All documents [relied] on or reviewed by you in connection with E3 Biofuels, LLC v. Biothane Corporation, CASE NO. 8:11-cv-00044 pending in the United States District Court for the District of Nebraska.

3. All documents that comprise your billing records.

(Filing 316.) The subpoenas required that the requested documents be produced at 9:00 a.m.

on September 20, 2013. Mniszewski received a subpoena on September 16, 2013, and Hales received a subpoena on September 17, 2013. (Filing 319.)

On September 19, 2013, Plaintiff filed an objection to the Notice (filing 322) and a motion to quash the subpoenas (filing 317). In support of its objection and motion, Plaintiff argues that (1) Biothane failed to provide timely and sufficient notice of its intent to issue the subpoenas; (2) failed to properly serve the subpoenas; (3) the subpoenas constitute improper expert discovery; and (4) the subpoenas fail to allow a reasonable time to comply, require disclosure of privileged matters and subject Plaintiff's experts to undue burden.

It is apparent that Biothane failed to comply with the Federal Rules of Civil Procedure and this Court's Local Rules in issuing the subpoenas. The process to be used when serving subpoenas is set forth in NECivR 45.1. This Court has explained this process as involving the following steps:

> Under the Local Rules of Practice . . . the party or parties requesting third-party discovery . . . must begin by serving notice to the other parties . . . of their intention to serve the third-party subpoena . . . The notice must state the name and address of the nonparty being subpoenaed, the documents or items to be produced or inspected, the time and place for production or inspection, and the date on which the subpoena will issue. The adverse parties then have 7 days to serve written objections to the proposed subpoena.
>
> If objections are served, then the proposed subpoena may not be issued until all objections are resolved by the court; however, the court will not rule on any objections unless a party files an appropriate motion . . .
>
> If no objections are served by a party to the lawsuit, then the requesting party . . . may go ahead and serve the subpoena on the nonparty . . . in accordance with Fed. R. Civ. P. 45.
>
> Once a third-party subpoena is actually served, then the recipient may elect to produce the information in accordance with Rule 45(d), serve objections under Rule 45(c)(2)(B), move to quash the subpoena under Rule 45(c)(3), or request a protective order under Fed. R. Civ. P. 26(c). If there are legitimate grounds to do so, the parties to the lawsuit may also moved to quash the subpoena

under Rule 45(c)(3) or for a protective order under Rule 26(c).

*Lewton v. Divingnzzo*, Case No. 8:09CV2, 2010 WL 4530369 (D. Neb. Nov. 2, 2010) (internal quotation and citation omitted). Biothane clearly has not complied with this procedure. Biothane issued the subpoenas before filing its Notice of Intent. Biothane did not even provide seven days between the time the Notice of Intent was filed and the date that the subpoenas required production of the documents.

The subpoenas are also overly broad as the seek information protected by Fed. R. Civ. P. 26(b)(4). As drafted, the subpoenas's command production of draft expert reports and attorney-expert communications. The subpoenas are also overly broad as they request "[a]ll documents that comprise your billing records," without limitation to the billing records related to this litigation. (Filing 316.)

Plaintiff also did not give the experts a reasonable time to comply. Mniszewski did not receive a subpoena until September 16, 2013, and Hales did not receive a subpoena until September 17, 2013. (Filing 319.) The requested documents were supposed to be delivered to Biothane's counsel by 9:00 a.m. on September 20, 2013. The experts were not given sufficient time to gather the requested materials and forward them to defense counsel.

**IT IS ORDERED** that Plaintiff's Motion to Quash Subpoenas to Kim Mniszewski, Steve Browne, Philip Madson, and Crispin Hales (filing 317) is granted.

**DATED September 30, 2013.**

                                                  **BY THE COURT:**

                                                  **S/ F.A. Gossett**
                                                  **United States Magistrate Judge**