IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| E3 BIOFUELS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | 8:11CV44 |
| | ) | |
| V. | ) | |
| | ) | |
| BIOTHANE, LLC and PERENNIAL ENERGY, INC., | ) ) | ORDER |
| Defendants. | ) ) | |

On September 19, 2013, Defendants Perennial Energy Inc. ("PEI") and Biothane, LLC ("Biothane") filed a motion requesting that the Court exclude the expert opinions of Plaintiff's expert witnesses or, alternatively, compel Plaintiff to (1) produce the files of its retained experts or provide a list of all materials considered by said experts with batestamp references; (2) provide a summary of the opinions Plaintiff will offer from its non-retained experts; and (3) present its retained and non-retained experts for depositions prior to PEI's deadline for disclosing expert opinions. (Filing 323.) Defendants further requested that the deadlines in this case be continued thirty days so as to give them time to review the additional documents supplied by Plaintiff before their deadline for designating experts lapses. (*Id*.)

On Friday, September 27, 2013, Plaintiff filed a motion requesting that the Court quash the Amended Notice of Depositions and Notice of Serving Subpoenas Duces Tecum filed by PEI on September 23, 2013, arguing that the Notice was procedurally defective. The Notice commanded the depositions of ten individuals, seven of whom are Plaintiff's previously-deposed, non-retained expert witnesses. (Filing 329.) Plaintiff requested that the Court enter a protective order to govern expert discovery in this case. (*Id*.) Because the subject depositions were scheduled to begin on October 1, 2013, the Court, without waiting for PEI's response, promptly entered an order granting the motion, in part, on Monday, September 30, 2013. (Filing 333.) The Court determined that there was no good reason to re-depose seven witnesses, particularly on such short notice. The Court also entered a protective order providing that (1) the parties may not re-depose any witness in this case without seeking leave to do so and demonstrating that good cause exists for an additional

deposition; (2) depositions of retained expert witnesses shall be held after all of that expert's reports (including rebuttal reports) have been exchanged; and (3) the parties produce an expert's file materials seven days prior to that expert's deposition.

That same date, the Court entered an order (filing 334) granting Plaintiff's motion to quash subpoenas (filing 317) for the production of documents served by Biothane upon three of Plaintiff's retained experts, and one of Plaintiff's non-retained experts. The Court found that the subpoenas were improper because Biothane failed to comply with this Court's Local Rules pertaining to the issuance of subpoenas. (Filing 334.)

On October 4, 2013, PEI requested that the Court reconsider its orders of September 30, 2013, arguing that a showing of good cause is not necessary to re-depose witnesses, Plaintiff does not have standing to quash subpoenas served upon third-parties, and the Court does not have jurisdiction to quash subpoenas issued from other jurisdictions. (Filing 342.)

PEI's Motion to Reconsider (filing 342) and Motion to Exclude Expert Testimony (filing 323) will be addressed, in turn, below.

### DISCUSSION

**I.     Motion to Reconsider**

In issuing their subpoenas, Defendants[1] undeniably failed to comply with NECivR 45.1, which sets forth the process to be used when serving subpoenas. This Court has explained this process as involving the following steps:

> Under the Local Rules of Practice . . . the party or parties requesting third-party discovery . . . must begin by serving notice to the other parties . . . of their intention to serve the third-party subpoena . . . The notice must state the name and address of the nonparty being subpoenaed, the documents or items to be produced or inspected, the time and place for production or inspection,

---

[1] Biothane has not joined in PEI's Motion to Reconsider.

> and the date on which the subpoena will issue. The adverse parties then have 7 days to serve written objections to the proposed subpoena.
>
> If objections are served, then the proposed subpoena may not be issued until all objections are resolved by the court; however, the court will not rule on any objections unless a party files an appropriate motion . . .
>
> If no objections are served by a party to the lawsuit, then the requesting party . . . may go ahead and serve the subpoena on the nonparty . . . in accordance with Fed. R. Civ. P. 45.
>
> Once a third-party subpoena is actually served, then the recipient may elect to produce the information in accordance with Rule 45(d), serve objections under Rule 45(c)(2)(B), move to quash the subpoena under Rule 45(c)(3), or request a protective order under Fed. R. Civ. P. 26(c). If there are legitimate grounds to do so, parties to the lawsuit may also moved to quash the subpoena under Rule 45(c)(3) or for a protective order under Rule 26(c).

*Lewton v. Divingnzzo*, Case No. 8:09CV2, 2010 WL 4530369 (D. Neb. Nov. 2, 2010) (internal quotations and citations omitted). Biothane issued its subpoenas before filing its notice of intent and did not provide seven days between the time the notice of intent was filed and the date that the subpoenas required production of the documents. PEI filed its notice while concurrently issuing and mailing the subpoenas. Plaintiff was not given an opportunity to object to the subpoenas, and the Court was not provided an opportunity to resolve any such objections. In short, the subpoenas were procedurally defective.

Assuming, without deciding, that this Local Rule is inapplicable when subpoenas are served upon third-parties in another jurisdiction for information for use in a lawsuit in this Court, the Court's previous orders remain appropriate. This Court has the authority to govern discovery practice in this case. Neither of the Court's orders definitively precludes Defendants from re-deposing witnesses or obtaining other expert discovery. Rather, the orders merely require Defendants to demonstrate why re-deposing a particular expert is necessary and sets forth the sequence for certain expert discovery. In light of the voluminous amount of discovery that has taken place in this case, as well as Plaintiff's representations that the non-retained expert witnesses PEI seeks to re-depose have not been provided additional information since their respective depositions, this directive regarding re-deposing

individuals is certainly reasonable. The other provisions of the Court's protective order are likewise reasonable given the history and extent of discovery in this case. Therefore, even assuming that Plaintiff lacked authority to quash subpoenas issued on third-parties or that this Court lacked jurisdiction, these circumstances make no difference to the ultimate outcome. Accordingly, PEI's Motion for Reconsideration will be denied.

## II.     Motion to Exclude

Defendants request that the Court exclude the testimony of Plaintiff's retained expert witnesses pursuant to Fed. R. Civ. P. 37. Defendants argue that this testimony should be excluded because the expert reports do not comply with Fed. R. Civ. P. 26(a)(2), which requires that expert reports contain "the facts or data considered by the witness in forming [the opinions]." Defendants maintain that while the reports list some facts and data considered, they do not provide an all encompassing list. Defendants also maintain that the lists provided in the reports are so vague that Defendants cannot locate the referenced materials.

Rule 37 provides that if a party fails to provide information as required by Rule 26(a), the party is not allowed to use that information or witness to supply evidence unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37. When evaluating whether any such failure is substantially justified or harmless, courts consider "1) the importance of the excluded material; 2) the explanation of the party for its failure to comply with the required disclosure; 3) the potential prejudice that would arise from allowing the material to be used . . . [and] 4) the availability of a continuance to cure such prejudice. *Bennett v. International Paper Co.*, Civ. No. 05-38 (PJS/RLE), 2008 WL 5130873, *2 (D. Minn. Aug. 29, 2008) (citation omitted).

Having considered these factors, the Court finds that Plaintiff's purported failure to provide an exhaustive list of information that its experts considered in reaching their opinions does not justify exclusion of its experts' testimony. Plaintiff's expert reports provide extensive lists of the facts or data considered by each expert in forming opinions. The retained experts' alleged failures to provide all encompassing lists is harmless, as Defendants

4

have not been prejudiced by any such omission. The retained expert witnesses have yet to be deposed in this case, and Defendants can inquire into any additional grounds for each expert's opinion at the time of the depositions. Defendants' ability to adequately prepare for the depositions should not be hampered because each of Plaintiff's retained experts provided expert reports in prior, related litigation (*"Zurich* litigation") and were deposed in connection with that litigation. Plaintiff represents that Defendants have copies of the deposition transcripts, as well as the expert reports prepared in connection with that litigation. Further, in accordance with this Court's prior order, Defendants will be provided an expert's file seven days in advance of that expert's deposition in this case. Defendants' motion to exclude this testimony is denied.

Defendants also argue that Plaintiff should be sanctioned because its non-retained expert witness disclosures do not comply with [Fed. R. Civ. P. 26(a)](), which requires that the party designating a non-retained expert provide with its disclosure "a summary of the facts and opinions to which the [non-retained expert] witness is expected to testify." The Court has reviewed Plaintiff's expert witness disclosure. The disclosure generally sets forth the subjects about which each non-retained expert witness is expected to testify, but does not state the precise opinion that the witness holds with respect to each subject. The disclosure states, however, that the non-retained experts' deposition transcripts are incorporated by reference. Plaintiff contends that its disclosure is sufficient, asserting that these individuals were only listed as non-retained experts out of an abundance of caution because each of them was deeply involved in some aspect of the ethanol plant project at issue in this suit. Plaintiff also represents that the witnesses will testify consistently with their deposition testimony.

This litigation has been extremely contentious. This being true, the Court understands Plaintiff's desire to designate individuals as non-retained experts, even though such individuals' testimony may not actually amount to expert opinions. Nevertheless, in an effort to alleviate Defendants' concerns, the Court will order Plaintiff to supplement its disclosure to state the general opinion, if any, that each non-retained expert holds as to the identified subject matters. For the reasons previously explained, however, the Court will not grant Defendants leave to re-depose these individuals at this time. Upon receipt of Plaintiff's updated disclosure, Defendants will be able to evaluate whether any such deposition is

actually necessary. If Defendants believe they need to re-depose a witness, it shall move the Court for such relief.

Finally, Defendants request that the report of Steve Browne, one of Plaintiff's retained experts, be excluded, arguing that the report is improper because it incorporates an expert report authored by Phillip Madson ("Madson"). Madson is listed as a non-retained expert in this case, but was retained by Plaintiff as an expert in the *Zurich* litigation and provided an expert report in that action. Defendants contend that Plaintiff is attempting to usurp its obligation to present Madson's expert report in compliance with Fed. R. Civ. P. 26(a)(2) by having Browne incorporate Madson's opinions into his expert report. Plaintiff, however, contends that Browne's opinion is proper under Fed. R. Evid. 703, which provides:

> An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted. But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect.

Fed. R. Evid. 703.

With regard to Browne's report, the Court will deny Defendants' motion to exclude without prejudice to reassertion at a later time. The Court is doubtful, however, that any such renewed motion would be successful. It seems that the factual basis for Browne's opinion speaks to the weight and credibility of his testimony, not its admissibility.

Accordingly,

**IT IS ORDERED:**

1. PEI's Motion to Reconsider (filing 342) is denied.

2. PEI's Motion to Exclude Expert Testimony (filing 323) is granted, in part, as set forth above. Plaintiff shall update its expert disclosure in accordance with

6

this Order by or before November 1, 2013.

**DATED October 22, 2013.**

                **BY THE COURT:**

                **S/ F.A. Gossett**
                **United States Magistrate Judge**