# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| E3 BIOFUELS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | 8:11CV44 |
| | ) | |
| V. | ) | |
| | ) | |
| BIOTHANE, LLC, and PERENNIAL ENERGY, INC., | ) | ORDER |
| | ) | |
| Defendants. | ) | |

On July 15, 2013, Defendant Perennial Energy, Inc. ("PEI") filed a motion requesting that the Court overrule Plaintiff's claims of privilege (filing 271) with respect to certain documents listed on Plaintiff's privilege log. PEI claimed that the privileged nature of these documents was suspect because the privilege log indicated that independent contractors or individuals from entities not affiliated with Plaintiff received the documents. The subject documents have the following bates numbers: Privileged00001-00005; Privileged01388-01391; Privleged01471-1927; Privileged01928-1955; Privileged01956-1959; Privileged01977-2011; Privileged2035-2061; Privileged2084-02111; Privileged02270-02275; Privileged02576-02593. PEI also requested that the Court find that Plaintiff has waived its claims of privilege as to certain documents Plaintiff produced in other litigation. These documents are bates numbered as follows: Privileged00006-00013; Privileged00165-170; Privileged00184-185; Privileged000205-217; Privileged000218-234; and Privileged01349-1352.

On September 19, 2013, this Court entered an order directing Plaintiff to submit the subject documents for *in camera* review. (Filing 321.) The Court further directed Plaintiff to identify which of those documents had been disclosed in other litigation. In accordance with this order, PEI produced documents for examination and identified forty-seven documents which Plaintiff maintains are privileged, despite having been produced in other litigation.

The Court has carefully and thoroughly reviewed the documents. Having done so, the Court finds that the large majority of the documents produced for inspection are privileged as claimed by Plaintiff. The Court is unable, however, to evaluate the legitimacy of Plaintiff's privilege claims with respect to the documents which copied independent contractors or individuals from Mead Cattle Company and Purvin & Gertz. The Court needs further information regarding those individuals' relationship to Plaintiff and the reason that they received the documents. Therefore, within seven days of this order, Plaintiff shall either (1) voluntarily produce those documents to PEI or (2) submit a brief advising the Court as to why Plaintiff believes the documents received by Bret Healy, John Wood, Buck Wehrbein and Dale Miller are privileged.

The Court further finds that Plaintiff waived its claims of privilege with respect to the forty-seven documents that were previously disclosed to third-parties without a protective order or other confidentiality agreement in place. Plaintiff shall produce these documents within seven days of this Order.

**IT IS SO ORDERED.**

**DATED November 19, 2013.**

                                        **BY THE COURT:**

                                        S/ F.A. Gossett
                                        **United States Magistrate Judge**